HARLOW *against* HUMISTON.

ON error from the *Washington* C. P., where the cause was tried on appeal from a justice's court.

The action was case, by *Humiston* against *Harlow,* for a nuisance, in wrongfully placing logs and tree tops in the public highway, by means of which, the plaintiff's horse, being frightened, ran upon a tree top, and was killed.

On the trial, it appeared that the tree top was laid by the servant of the defendant below, during the defendant's sickness, and without his knowledge, in a place claimed by the plaintiff below to be in the public highway. It had, however, long been occupied by the defendant himself, as a place for laying his wood ; and the supposed road ran through his land. The defendant below contended, that, though within the road fence, the tree top was not within the bounds of the public highway. Evidence was given upon this point, and as to the manner in which the injury

*Where a bill of exceptions, taken in the C. P., stated the charge of the court upon points of law, and that the jury found a verdict, and that the party excepted, held, that the bill was sufficiently pointed to bring the charge in question, on error ; and though, in the order of statement, the exception appeared to be subsequent to the verdict, yet held, that otherwise, the* it should be intended that the exception was taken at the proper time ; the judges, it is to be presumed, would not have signed it.

Though the statute, (2 *R. L.* 277,) requires public roads to be laid out four rods wide ; and where they are laid out under the statute, they are to be deemed of that width ; yet where they are claimed, not as being laid out under the statute, but by reason of a user for twenty years or more, they may be less than four rods wide.

And in trespass, for laying wood in a highway of the latter sort, by which the plaintiff's horse, being frightened, ran upon it and was killed, the road, in fact, being but 2 and 2 1-2 rods wide ; and it being questionable on the evidence, whether the wood was laid within the road as established by use ; though it lay within the road fence on the land of the defendant; *held,* that it should have been left to the jury to find whether the wood was in the highway.

All the land within a highway fence, is not necessarily subject to the right of way ; and if not, it may be occupied by the owner. And if he place an obstruction there, and another be injured by it, he is not, therefore, liable.

And though such obstruction be within the highway, he is not liable, unless the person injured, exercise ordinary diligence to avoid it.

If a man's servant, in the ordinary course of his business, obstruct the highway, from which a traveller receives a special injury, the master is liable.

The question seems to be, whether the act be such that he can justify himself to his master ; if he may, it shall be deemed in the course of his business as a servant, and the master is liable.

Thus, where the master had been accustomed to lay his wood in a certain place for several years, and his servant laid the master's wood in the same place, while the latter was sick, and without his knowledge ; *held,* that this was an act in the course of his business as a servant.

to the horse was occasioned, while the plaintiff's servant was riding him ; but as the cause, here, turned on the question whether the charge given by the court below was correct in point of law, it is not necessary to notice the evidence, farther than it appears in the opinion of the court.

The court below charged the jury, that all the land not fenced in, was a public highway ; and if it had been ten rods wide, the defendant had no right to any part of it ; but had always been a trespasser upon the public, in laying his wood within the highway fence, though he had occupied the place for 38 years ; and it made no difference that the width was greater from the tree top than the ordinary width. They also charged, that though the defendant was sick, and knew nothing of the act of his servant in laying the tree top there, he was accountable.

The defendant below took exception to the charge ; and the bill of exceptions, after detailing the evidence and the the charge of the court, concluded thus : The jury retired and returned, and delivered their verdict in favor of the the plaintiff for fifty dollars damages ; to all which charge the counsel for the appellant (the defendant below) excepted.

Judgment for the plaintiff below.

*Z. R. Shipherd,* for the plaintiff in error, cited *Vin. Abr. Actions,* [*Nuisance,*] (*N. b.*) *pl.* 4 ; *Blyth* v. *Topham,* (*Cro. Jac.* 158 ;) 2 *R. L.* 277 ; *Bac. Abr. Nuisances,* (*A*) ; 2 *Esp. N. P. Gould's ed.* 268 ; and *Butterfield* v. *Forrester,* (11 *East,* 60, 61.)

*D. Russell,* contra, insisted that the bill of exceptions was too general ; and therefore went for nothing. A party cannot except to a charge, without saying in what particular. He should specify his ground of objection. (8 *John.* 495. 20 *id.* 357.) Beside, the exception was taken too late. On the face of the bill, it appears to have been after verdict. (10 *John.* 312.)

On the merits, he cited the statute, *sess.* 40, *ch.* 43, *s.* 3 ; 17 *John.* 280 ; 1 *Cowen,* 78 ; 1 *Stark.* 285 ; *Bac.*

*Abr. actions on the case,* (*F*); 2 *Esp. N. P. Gould's ed.* 217; and 1 *Bin.* 463.

*Curia, per* SAVAGE, Ch. Justice.　It is objected that the exception came too late, and that it is too general. We must presume it was taken in time; otherwise the court would not have allowed it.　As to the generality of the exception, the objection cannot prevail.　Take it in connexion with the charge, and the points are sufficiently specific.

The court certainly erred in charging, that all the land not enclosed in fence, was a public highway, though it be ten rods wide.　The public is entitled to the use of four rods only, at most; and a man may occupy his land without fencing it, if he chooses to do so.　It would certainly be very bad husbandry; but he may plant and sow his grounds unenclosed, and may maintain trespass, too, against the owners of cattle which may injure him, unless there is some town regulation permitting cattle to run at large.　(19 *John.* 385.)

It is no doubt a nuisance to dig a ditch, or lay logs in the highway; and whoever sustains an injury from such a cause, without any fault of his own, may maintain an action against the author of it.

In the case of *Butterfield* v. *Forrester,* (11 *East,* 60, 61,) the defendant had obstructed the street of *Derby,* to make some repairs to his house.　The plaintiff rode furiously against the obstruction; when, with ordinary care, he might have avoided it; and the court held that no action lay.　Lord *Ellenborough* remarks, " Two things must concur, to support this action; an obstruction in the road, by the fault of the defendant; and no want of ordinary care to avoid it, on the part of the plaintiff." And he instances the case of persons travelling upon what is considered the wrong side of the road; which will not authorize another purposely to ride against them.

Negligence by the defendant, and ordinary care by the plaintiff, are necessary to sustain the action.

In this case, there was no want of care by the servant of the plaintiff below.　The only question is, was there neg-

ligence in the defendant below? And this depends on the fact of the tree being in the road or not. The evidence, I think, shews it was not. The road appears to be but two and two and a half rods wide. Though the statute directs all roads thereafter laid out, to be four rods wide, yet it does not appear that this road was ever laid out under that statute. This is probably a public road, from having been so used for more than 20 years.

The court below should have charged the jury to enquire whether the tree lay in the highway. If so, then the plaintiff below was entitled to recover. But if it was not within the highway, the verdict should have been for the defendant below. Though it may have been an act of carelesness in him, to leave the tree so near the highway: yet, as the public have no right beyond the highway, whether enclosed or not; and as the defendant below had a right to use his land in any way not injurious to his neighbors or the public; and had used the place in question for a wood-yard, for near 40 years, he ought not to be responsible, though the plaintiff below may have unfortunately suffered.

If there was culpable negligence in this case, I consider the defendant below responsible. The master is accountable for the acts of his servant in and about his ordinary business. The servant, in this case, placed the wood where the defendant below, himself, had been accustomed to place his wood for near 40 years. This was sufficient to justify the servant to the defendant below; and, in my judgment, sufficient to render the latter responsible, if the act itself was reprehensible. I am of opinion that the judgment be reversed, and a venire *de novo* awarded by the court below.

Judgment reversed.