ADELINE P. MERRY, administratrix of Corydon T. Patterson, *vs.* JOHN LYNCH.

Lincoln. Decided March 7, 1878.

*Principal and Agent.*

An agent for the sale of goods, with an interest in the proceeds, is not deprived of the power to sell, by the death of the principal.

The terms of the agency were that the agent should sell the goods and out of the proceeds pay certain lien and other claims, and apply the balance, first to the payment of certain notes he held against the principal and return the overplus to the principal. *Held,* that the power was not extinguished by the death of the principal; that the agent had a right to sell and apply the proceeds as agreed, and to pay his own notes in full, even though the estate was rendered insolvent and other creditors received only a percentage.

In the case stated, the notes were delivered by the defendant to the plaintiff and by her presented to the commissioners. *Held,* that their allowance by the commissioners as a claim against the estate without the procurement or authority of the defendant in no way affected his rights.

ON REPORT.

ASSUMPSIT, for money had and received.

*J. Baker,* for the plaintiff.

*A. P. Gould & J. E. Moore,* for the defendant.

LIBBEY, J. From a careful examination of the report of the

evidence it appears that in 1874 the plaintiff's intestate, Corydon T. Patterson, was possessed of a farm and brick yard, which he leased for one year to Edward F. Brewer, with covenants that the lessee should manufacture a kiln of bricks in the yard, each party to pay certain portions of the expenses, as stipulated, and when the bricks were burnt, each party should have one-half of them.

After the bricks were burnt, three suits were brought against Brewer by laborers, and the bricks were attached to enforce the lien claimed by them for their labor in manufacturing them.

Patterson and the defendant receipted to the officer making the attachments, for the bricks, and thereupon Brewer conveyed to Patterson his half of them in consideration that he would pay the bills against them contracted by Brewer, sell them, appropriate the proceeds to the payment of the bills sued, and account to him for the balance, if anything.

Soon after this, Patterson, with the consent of Brewer, made an agreement with the defendant by which he was to have all of the bricks, perform Patterson's agreement with Brewer as to his half, pay certain bills against Patterson for wood and burning the bricks, sell them and account to him for the net proceeds of the sales, and to appropriate the proceeds to the payment of the money advanced to pay said bills, and to the payment of three notes which he held against Patterson, and account to him for the balance, if any. The bricks were delivered to the defendant under this agreement and possession thereof retained by him. He paid the bills against Brewer and Patterson as agreed, and shipped and sold a part of the bricks in December, 1874. The balance were shipped in April, 1875. The net proceeds of the sale of Patterson's half of the bricks shipped in April, 1875, was $351.36. Patterson died April 20, 1875.

It is claimed by the plaintiff that the bricks shipped in April were not shipped till after Patterson's death; and by the defendant that they were shipped before his death. The view we take of the case renders it immaterial to determine how the fact is upon this point.

It is claimed by the counsel for the plaintiff that, under the agreement between the parties, the title to the bricks did not pass

to the defendant; that at best for the defendant he was only constituted the agent of Patterson to sell the bricks for him and account for the proceeds; and that Patterson's death before the shipment and sale of the bricks in April, terminated the defendant's power to sell, and having sold afterwards without authority, and received pay, he is accountable to the plaintiff for the money received.

We think neither of these points tenable. By the contract the defendant was to have the bricks. The manner of payment was fixed. They were delivered to him; nothing remained to be done but to determine the price to be paid, and that was to be the net proceeds of the sale by defendant. We think the property passed to the defendant, and having the title he had a right to sell after Patterson's death and apply the proceeds as agreed between them. But the same result would follow if by the agreement between the parties, the defendant was constituted the agent of Patterson to sell the bricks. He was to pay the bills due from Brewer and Patterson, growing out of the manufacture of the bricks, and was to be reimbursed by the proceeds of the sale. He was to pay his notes against Patterson from the proceeds, and had the possession of the bricks to enable him to make the sale. If he was an agent, it was an agency with the power of sale coupled with an interest in the proceeds of the sale; and it is well settled that in such case the death of the principal does not terminate the power. The defendant had the right to sell after the death of Patterson and apply the proceeds of sale as agreed between them. He settled with the plaintiff in accordance with his contract with her intestate, paid to her the balance in his hands, and gave up to her his notes. This was all he was legally required to do.

But the notes surrendered by the defendant were presented to the commissioners on Patterson's estate, it having been rendered insolvent, and allowed and returned by them to the probate court as a valid claim against the estate, in favor of the defendant; and it is claimed by the counsel for the plaintiff, that the defendant is thereby estopped from setting up the defense that he had the legal right to apply the proceeds of the sale of the bricks to the payment of the notes, and had so applied them. We are satisfied

from the evidence that the notes were presented to the commismissioners for allowance by the plaintiff without authority from the defendant; and that the allowance by the commissioners was without his procurement or authority. Under such a state of facts the allowance and return of the notes in the name of the defendant, as a claim against the estate, can in no way estop him, nor affect his rights.

As the action cannot be maintained upon the evidence reported it is unnecessary to consider the question of the competency of the defendant and his wife as witnesses as to matters that occurred after the death of Patterson.

*Judgment for the defendant.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.