IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1910.

---

### JOHN A. BRADY v. PUBLIC SERVICE RAILWAY COMPANY.

Argued February 16, 1910—Decided March 30, 1911.

1. A person who obstructs a public highway, or renders its ordinary use dangerous, creates a public nuisance, and for injuries resulting directly therefrom to travelers upon the highway he is legally answerable.
2. A person who praces an obstruction in a public highway cannot relieve himself from responsibility for injuries resulting therefrom to a traveler upon the highway by showing that some other person is under a legal liability to remove it.

---

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the plaintiff in error, *Leonard J. Tynan* and *Lefferts S. Hoffman.*

For the defendant in error, *Riker & Riker.*

471

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action for personal injuries. The material facts proved in the case were as follows: The plaintiff was driving at night along Bloomfield avenue in the borough of Caldwell when he collided with a damaged swill wagon which had been left in the road, was thrown from his own vehicle, and severely hurt. The night was dark and he did not see the wagon until the collision occurred. On the evening before the accident a trolley car of the defendant company ran into this swill wagon, demolished it, and killed the driver. The wagon rested partly upon the trolley tracks and the employes of the defendant company pulled it off to one side and left it in the road. They put a warning light on it that night, and the next day advised its owner of the situation. After doing this they took no further steps to prevent the swill wagon from being a menace to the safety of persons traveling along the highway. Upon these facts the jury found in favor of the plaintiff.

The assignments of error challenge the action of the trial court in refusing to nonsuit the plaintiff; in refusing to direct a verdict for the defendant, and in excluding testimony offered by the defendant.

The motion to nonsuit was based upon the ground that there was no proof that the wrecking of the swill wagon was due to negligence on the part of the motorman operating the defendant's car. Counsel for the defendant admit in their brief that "the proofs justified inferences which perhaps raised a *prima facie* case of negligence," but contend that those inferences were overthrown by the fact that the plaintiff called the motorman to prove the happening of the accident, and then refrained from asking him whether the collision was due to negligence upon his part. We cannot concede the soundness of this contention. We know of no rule of law which requires a litigant who calls his adversary, or the latter's servant, and proves by him a single fact, to then proceed to examine him generally with relation to the matters in issue between parties; and the cases cited by counsel as authority for their contention (*Bahr* v. *Lombard, Ayres & Co.,* 24

*Vroom* 233, and *Mitchell* v. *Boston and Maine Railroad Co.,* 68 *Me.* 96), as we understand them, not only do not support it, but do not even consider it. We conclude that this assignment is without merit.

The request for the direction of a verdict in favor of the defendant was also rightly refused. The theory upon which it was rested, as we gather from the argument of counsel, was that the company had a legal right to remove the wrecked wagon from its tracks and deposit it upon another part of the highway, and that having done so it was under no legal obligation to see to it that the presence of the wreck in the place where it was deposited should not be a source of danger to other persons using the highway; and further, that if such an obligation did rest upon the company originally, it only continued until the owner of the wagon was notified by the company of its presence in the highway, and then was shifted to him.

If the demolition of the wagon had been the act of some one other than the company or one of its servants, its removal from the company's tracks to some other part of the highway would not have rendered the company liable to other users of the highway for injuries resulting to them from the presence of the wagon in the place to which it had been moved. A traveler upon a highway who meets with an obstruction therein for whose presence he is not responsible, is entitled to remove it aside so that he may proceed upon his way; and in doing so he incurs no liability to any other traveler who may follow him on that road at a later period. *Howard* v. *Union Railroad Co.,* 25 *R. I.* 652. But the rule is otherwise with regard to the person who creates the obstruction. Every person having occasion to use the public highways of the state is entitled to feel that he is absolutely safe, while using ordinary care, against all accidents arising from obstructions therein, and no one has a right, without special authority, to obstruct a public highway or render its ordinary use dangerous. If he does so he thereby creates a public nuisance, and for injuries directly resulting therefrom to travelers upon the highway he is legally answerable.

*Bowen* v. *Detroit City Railway Co.,* 54 *Mich.* 496; *Harlow* v. *Humiston,* 6 *Cow.* 189; *Temperance Hall Association* v. *Giles,* 4 *Vroom* 260; *Driscoll* v. *Carlin,* 21 *Id.* 28.

The suggestion that a person who places an obstruction in a public highway may relieve himself from responsibility for injuries resulting therefrom to users of the highway by notifying the owner of the chattel, which has been used to create the obstruction, of its whereabouts, does not appeal to us.

Assuming that the owner may become liable for failing to remove his property from the highway within a reasonable time after notification of its presence there (a matter which is not before us for consideration, and upon which we express no opinion) his neglect cannot operate to relieve the original tort-feasor from the consequences of his wrongful act. *Ogston* v. *Aberdeen Tramways Co.* (1897), *L. R., App. Cas.* 111; in other words, "One who creates a nuisance on the highway cannot shelter himself behind the claim that someone else is under a legal liability to remove it." *Joyce Nuis.,* § 217.

It is further urged as a ground for reversal that the trial court erred in refusing to permit the plaintiff in error to show that the day after the wrecking of the swill wagon and its removal from the company's track the company's superintendent notified the authorities of the borough of Caldwell of the fact that the highway was obstructed by the presence of the wagon there. The proof was offered upon the theory that when the borough became aware of the fact that one of the streets within its borders had become dangerous to travelers it immediately became charged with the duty of putting it in a safe condition. What we have already said in disposing of the contention that the owner of the wagon, and not the plaintiff in error, is liable for the injuries received by the plaintiff makes it plain, we think, that the evidence was immaterial, the reason being that the default, if any, of the borough authorities, did not affect the primary liability of the company.

Another and the last reason advanced for reversing the judgment under review is that the judge invaded the province of the jury by saying to them in his charge, "If this wagon

was run into, it was run into in the rear, and that makes it, in my judgment, a *prima facie* case of negligence against the vehicle in the rear." The point of the criticism upon the charge is that whether or not the wagon was run into from the rear was a matter in dispute which should have been left to the jury to determine. Conceding this to be the case, and that the action of the trial court cannot be justified, nevertheless it affords no ground of reversal, for no exception was taken to this instruction by the plaintiff in error, and no assignment of error which rests neither upon the record itself, nor upon a properly sealed bill of exceptions, is entitled to consideration in a court of review.

The judgment will be affirmed.