Fisher, J.
This matter comes on for determination by this court upon the following stipulation :
It is hereby stipulated and agreed, by and between the plaintiffs and the defendants, in the above-entitled action by their respective attorneys that the following facts pertinent to the above-entitled action are true and that the same may be deemed established by competent evidence by the court in arriving at its decision herein.
1. That the plaintiffs are residents of the County of Chautauqua, New York and are the owners of certain real property in the Town of Ellicott, Chautauqua County, New York, over a portion of which runs a roadway known as the “Moon Road”.
2. That the portion of the said “ Moon Road ” involved in this action is the portion thereof running easterly from the “Strunk Road ” a distance of about 4,300 feet to the “West Oak Hill Road”.
3. That the plaintiffs own the land adjoining this 4,300 foot section of the “ Moon Road ” on the southerly side thereof to the extent of about 2,868 feet thereof, and that the plaintiffs also own land adjoining this 4,300 foot section of the “ Moon Road ” on the northerly side thereof consisting of two separated parcels, one of about 1,167 feet and the other of about 800 feet.
4. That the plaintiffs or one or more of them own two dwelling houses situate on this section of the “Moon Road” both being located on the northerly side of the road.
5. That at the point where the plaintiffs’ principal and most valuable dwelling house is located, being the dwelling house nearest the intersection of the “ Moon Road ” with the “ Strunk Road ”, and for a considerable distance both easterly and westerly from said house, the land on both sides of the road is owned by the plaintiffs or one or more of them, and that there is a row of shade trees on each side of the roadway.
6. That the photographs labeled “No. 1 ”, “No. 2” and “No. 3” referred to in the affidavit of Samuel S. Edson, verified June 27, 1955 and presented herein on the application for temporary injunction correctly show the physical appearance of the plaintiff’s property and the “ Moon Road ” in the vicinity of the plaintiffs’ principal dwelling house referred to in paragraph 5, above, and may be received in evidence herein.
7. That there is no available evidence that the “Moon Road” was ever formerly laid out, dedicated, conveyed or set apart as a public highway or for public highway purposes by the plaintiffs or their predecessors in title other than by acquiescence in or failure to object to the general user thereof by the public hereinafter mentioned.
8. That there is no available evidence that the “Moon Road”, prior to the commencement of this action, was ever formally accepted, laid out or surveyed by the defendant Town of Ellicott or any other public authority nor that, prior to the commencement of this action, the said Town of Ellicott or other public authority has ever formally established or determined the location or width of the roadway, nor that said Town of Ellicott or other public authority has ever acquired by deed, grant, easement or condemnation any of the lands owned by the plaintiffs over which the “Moon Road” passes, excepting such rights as have been acquired by reason of the user by the public hereinafter mentioned.
*1022 9. That the defendant Ralph L. Cederquist is Town Superintendent of the defendant Town of Ellieott, and resides in the County of Chautauqua, N. Y., and that the defendant Town of Ellieott is a municipal corporation and political subdivision of the County of Chautauqua, New York..
10. That the portion of the “ Moon Road ” hereinbefore referred to, and involved in this action, is a roadway in the Town of Ellieott, leading easterly from the “ Strunk Road ” to the “ West Oak Hill Road ” which has been used by the public as a highway for more than twenty years prior to the «ommeneement of this action and that the defendant Town of Ellieott has performed road maintenance work thereon for more than twenty years prior to the commencement of this action.
11. That the width of the roadway as actually used by the public and maintained by the defendant Town of Ellieott is at all points involved in this action less than three rods and that the width of the actual travelled and gravelled roadway is approximately 18 to 20 feet and that width including said travelled and gravelled roadway and the ditches on each side, where there are ditches is approximately 30 to 35 feet.
12. That the two rows of shade trees, one on each side of the road in the vicinity of the plaintiffs’ dwelling house, mentioned in paragraph 5 above are approximately 44 feet apart with the roadway running between them and that neither row of trees is within the travelled roadway as actually used by the public or within the ditches on either side of the travelled roadway as actually used, prior to the commencement of this action, but that in the event that the roadway is widened out to a width of three rods, by extending the same an equal distance from the center line of the existing roadway as used by the public, the row of shade trees on the south side of the road would be within the roadway as so widened.
13. That prior to the commencement of this action the defendants announced their intention to improve the portion of the “Moon Road” involved in this action and to widen the existing roadway out to a total width of 3 rods or 49% feet and commenced preliminary work in connection therewith.
14. That prior to the commencement of this action and on or about June 18, 1955, the defendants, through the defendant Ralph L. Cederquist notified the plaintiff, Allan F. Jones of their plan to improve and widen the road and informed him that the major portion of the widening operation would be done on the south side of the road and that they intended to cut down and remove the row of shade trees on the south side of the road opposite the plaintiffs’ principal dwelling house.
15. That prior to the commencement of this action and on or about June 18, 1955, the plaintiff Allan F. Jones informed the defendant Ralph L. Cederquist that the plaintiffs objected to the widening of the road so as to take in any portion of the plaintiffs’ lands not now included in the actual roadway and ditches as used by the public and objected to the cutting down and removal of any shade trees and that the plaintiffs would not voluntarily consent to the taking of any land or cutting of any shade trees without condemnation proceedings.
16. That prior to the commencement of this action and on or about June 24, 1955, the defendant Town of Ellieott, through its attorney Kenneth T. Johnson, notified the plaintiffs through their attorney Samuel S. Edson that the defendants intended to continue immediately with their plan, without the plaintiffs’ consent and without commencing any condemnation proceeding and stated that they had a right to do so under section 189 of the Highway Law of the State of New York.
*1023 17. That after the commencement of this action the defendant Ralph L. Cederquist in an affidavit verified July 13, 1955, and presented to this court on the application for a temporary injunction herein, stated that his plan was to do the widening of the Moon Road by extending the width of the presently used roadway to the south, rather than equidistantly to the north and south because in his opinion less damage would be created in that way.
18. That since the commencement of this action and since the presentation of the affidavit of Ralph L. Cederquist mentioned in paragraph 17 above, the defendants by their attorneys Johnson & Peterson, have notified the plaintiffs and the court that they are willing to modify their plan for widening the road so as to widen it out equidistantly from the center line of the existing used roadway or from such other line as the court may direct, still insisting nevertheless that the roadway be widened out to a total width of 3 rods or 49% feet.
19. That the defendant Town of Ellicott has not authorized the acquisition by purchase of any of the plaintiffs’ lands for the purpose of widening the road and has not commenced any condemnation proceeding to acquire any of the plaintiffs’ lands for such purpose.
20. That a temporary injunction herein was granted to the plaintiffs by this court, Hon. Alger A. Williams, Justice Presiding, on July 23,1955, restraining the defendants pending the determination of this action, from trespassing on the property of the plaintiffs to carry on or construct the improvements or widening of the “Moon Road” beyond the confines of the existing roadway as then generally in use and from cutting, damaging or removing any trees from the lands of the plaintiffs not included within the confines of the existing roadway, and that said injunction was duly served on the defendants.
21. That the survey made by Robert M. Howard July 13 and July 18, 1955 and the maps, consisting of 3 sheets, prepared from the data assembled by such survey are accurate and correct in the following respects, and may be received in evidence in these respects only:
a. The line designated thereon as “ Survey Base Line ” represents the center line of the existing roadway as used by the public.
b. The house and the rows of trees along the roadway shown on Sheet No. 1, are the principal dwelling house of the plaintiffs and the rows of shade trees hereinbefore referred to.
c. The lines designated thereon as “north line of 3 rod R.O.W. based from the present travelled way ” and “ South line of 3 rod R.O.W. based from the present travelled way”, show what will be the north and south boundaries, respectively of the road if widened out equidistantly from the center line of the existing roadway as used by the public to a total width of 3 rods.
d. The dotted lines on a portion of Sheet No. 1 and designated thereon as “ edge of Gravel ” show the boundaries at that point of the gravelled roadway as now used by the public but do not include the ditches, where there are any, on each side of the travelled roadway.
22. This action was commenced by the service of the summons and complaint on the defendants on June 28, 1955.
23. That in the event that the court in this action refuses the request of the plaintiffs for a permanent injunction and vacates the temporary injunction previously granted herein, the defendants intend to proceed with the widening of said roadway to a width of three rods equidistantly from the center line of the existing roadway and to perform such road construction and maintenance activities including the grading of land and cutting of trees within such three rod width as they shall deem necessary and appropriate under the circum *1024 stances, without acquiring any lands either by purchase or condemnation from the plaintiffs.
24. That all papers, proceedings and pleadings before this court upon the application for the temporary injunction herein be deemed to be before the court, generally, in this action.
Dated February 22, 1956.
/s/ Edson & Edson Edson & Edson Attorneys for Plaintiffs
/s/ Johnson & Peterson
Johnson & Peterson
Attorneys for Defendants
This is an action for a permanent injunction restraining the defendants from trespassing on the property of the plaintiffs for the purpose of widening ‘ ‘ Moon Road ’ ’ in the town of Ellicott, Chautauqua County, New York, beyond the confines of the- existing roadway as now generally in use by the public and from cutting, damaging or removing any trees from the lands of the plaintiffs not included in the confines of the existing roadway.
From this stipulation it appears that Moon Road is a gravelled roadway approximately 18 to 20 feet wide, and that width including said travelled and gravelled roadway and the ditches on each side, where there are ditches, is approximately 30 to 35 feet, running through the plaintiffs’ premises in the town of Ellicott. Plaintiffs concede that the existing roadway of that width is currently being used by the public and has been so used for more than 20 years, and that some maintenance work thereon has been done by the defendants in this action. It is further agreed that Moon Road has never been dedicated or accepted or surveyed or formally laid out as a public highway.
The defendants claim the right to seize plaintiffs’ property, without payment therefor, under section 189 of the Highway Law which provides as follows: “ § 189. Highways by use. All lands which shall have been used by the public as a highway for the period of twenty years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods.”
The question of ownership of a public highway was decided by the New York State Court of Appeals in Walker v. Caywood (31 N. Y. 51, 63) where the court said: “ If a road or way be established by prescription or user, as most of the highways in England are, the public use defines the extent of the easement ”.
*1025 In Harlow v. Humiston (6 Cow. 189) it was held that, although the statute then in force (Revised Laws of 1813, ch. 33, § 24 [2 Van Ness and Woodworth 277], as amd. by L. 1817, ch. 43, §3) required public roads to be laid'out four rods wide, where they are claimed to exist by reason of a use of 20 years or more they may be less than four rods wide.
These cases are discussed in People v. Sutherland (252 N. Y. 86), in which the court held that under section 209 of the Highway Law of 1909 which authorized the town superintendent to open a highway which had been used by the public for 20 years to a width of at least two rods, the superintendent was not permitted to open the road in question to a width of two rods (supra, p. 90) “ for there was no evidence of user by the public for twenty years of a road two rods in width ”. The law laid down in the Sutherland case is as follows (supra, pp. 90-91): ‘ ‘ A presumption of dedication and acceptance or of the laying out of a highway of legal width is not the basis of the establishment of a highway by user. Such rights rest on the statutory user itself and not on presumption ”.
In Foster v. Webster (44 N. Y. S. 2d 153) an action for an injunction was brought against the town superintendent to restrain him from erecting barriers in the ditches along the highway abutting plaintiffs’ land resulting in diverting surface water on his premises. The court said (supra, p. 157): “ Section 189 of the Highway Law provides that lands which shall have been used by the public as a highway for twenty years or more shall be a highway with the same force and effect as if it had been duly laid out and recorded as such, and that the town superintendent shall open all such highways to the width of at least three rods. It is true that if a road or way is established by use, the actual use thereof defines the extent of the easement. Walker v. Caywood, 31 N. Y. 51; People v. Sutherland, 252 N. Y. 86, * # Op. Atty. Gen. 61 St. Repts. 244.”
The court held that since the channels had been used for more than 20 years and were within the three-rod limitation that they were within the boundaries of the highway.
In the opinion of the Attorney-General (Opinion of N. Y. S. Atty. Gren. [Inf.], 61 N. Y. St. Dept. Rep. 244) in which he interprets section 189 of the Highway Law in regard to the extent of the authority given therein to the town superintendent, he discussed the Harlow (6 Cow. 189, supra) and Sutherland (252 N. Y. 86, supra) cases and stated (supra, p. 245) that they set forth the correct rule of the law that “ ‘ If a road or way be established by prescription or user, the public use defines the extent of the easement.’ ”
*1026 It is clear that the legislative intent in enacting section 189 of the Highway Law was not to authorize the town superintendent to appropriate lands not actually in use as roads without the consent of the owner thereof or by due process of law compensating the owners therefor. To do otherwise would be taking real property without due process of law in violation of the Federal and State Constitutions. In the instant case it is apparent that the use of Moon Road did not exceed but is limited to the use by the public of that which is the gravelled road itself, the shoulders, and the ditches.
Let judgment be entered accordingly.