Peter Feldstein, Esq. Town Attorney, Northhampton
You have asked two questions regarding the widening of a portion of a road in the Town of Northampton, Fulton County.
 1) May a private road, used by the public since 1948 and maintained by the Town since that time, be declared a highway by use under section 189 of the Highway Law and widened at one point to a width of 20 feet?
 2) What are the legal responsibilities of the town and county with regard to the widening of the road?
Highway Law, § 189 states that "[A]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway * * *." However, case law has added a second requirement for the creation of a "highway by user". Public authorities must have continuously maintained the road during the ten-year period.Palmer v Palmer, 150 N.Y. 139 (1896); Nogard v Strand, 38 A.D.2d 871 (3d Dept, 1972).
Your letter to this office indicates that the road has been used by the public since 1948. In a subsequent telephone call you indicated that the Town of Northampton has done all the maintenance on the road in question. Therefore, it appears the highway is one "by user" and is governed by Highway Law, § 189.
The same section states that the highway superintendent "* * * shall open all such highways to the width of at least three rods." This raises the question whether widening the traveled way up to three rods in width requires appropriation of adjoining land or whether a traveled way that has become a highway by user is accompanied by an easement "by user" three rods wide. (Compare Jones v Cederquist, 1 Misc.2d 1020, 1026 [Sup Ct, Chautauqua Co, 1956], with Nikiel v City of Buffalo, 7 Misc.2d 667,670 [Sup Ct, Erie Co. 1957].) We think that the easement is not limited to the width of the traveled way for the reason given by the Court inDesmond v Town of Summit, 82 Misc.2d 669, 675 (County Ct, Schoharie Co, 1975):
 "If the Legislature intended that the width of a highway should be governed by the width of user, there would have been no need for the Legislature to amend the Highway Law in 1936 to change the minimum width of a highway by user to `at least three rods' from `at least two rods'."
We conclude that town highways by use are by law three rods in width and that the town has the right to open the traveled way to that width. However, it is not mandatory that the town do so. If a twenty-foot width serves the purposes of safety, limiting widening to 20 feet seems both reasonable and legal.
Finally, payment for such widening of a town road must be in accordance with Highway-Law, § 284:
 "Monies shall be expended * * * in such manner as may be agreed upon by the town board and the town superintendent of highways, and subject to the approval of the county superintendent of highways."
Depending on the cost and method of financing, the town may have to submit such improvements to a permissive referendum in accordance with section 35.00 of the Local Finance Law.