## CARY v. DEWEY.

(Supreme Court, Appellate Division, Third Department.   June 18, 1908.)

HIGHWAYS—USE—PRIVATE PIPE LINE—PUBLIC OFFICERS—CONSENT.

 Plaintiff owned the fee to the center of a highway, at the side of which on plaintiff's ground the owner of a hotel, without plaintiff's knowledge or consent, dug a trench for a private water pipe intended to serve the hotel.   Thereafter defendant purchased the hotel property and against plaintiff's protest opened the trench to repair the pipe.   *Held*, that the pipe line constituted a private use of the highway, not within the public easement, though defendant permitted the public to use water from the pipe, and that the consent of the commissioners of highways and supervisors of the town to the laying of the pipe as authorized by Highway Law, Laws 1890, p. 1180, c. 568, § 14, as amended by Laws 1897, p. 85, c. 204, did not entitle defendant to maintain the pipe without plaintiff's permission.

Appeal from Washington County Court.

Action by William R. Cary against Samuel Dewey. The complaint was dismissed at the close of the evidence, and plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Abner Robertson, for appellant.

Erskine C. Rogers and Frederick Fraser, for respondent.

COCHRANE, J.   For many years prior to 1902 there was on the side of a highway a pipe which conducted water from a spring to a hotel property now owned by defendant.   In the latter year the owner of the hotel, without plaintiff's knowledge or consent, dug a trench on the opposite side of the highway and in front of premises owned by plaintiff, the title to which premises extended to the center of the highway, and transferred to such trench the pipe line connecting said spring and hotel.   The defendant subsequently purchased the hotel property, and against plaintiff's protest opened the trench for the purpose of repairing said pipe.   To redress such grievance this action was instituted.

The learned county judge dismissed the complaint because the commissioners of highways and the supervisor of the town had granted their permission to lay and maintain such water pipe pursuant to section 14 of the highway law (Laws 1890, p. 1180, c. 568, as amended by Laws 1897, p. 85, c. 204).   Under that statutory provision the town officers represent the public, and their permission as therein provided suffices, so far as the public ownership of an easement over the premises in question is concerned.   Defendant and his predecessor in title could not interfere with that public easement without such permission; but after acquiring such permission they still had to reckon with plaintiff's ownership of the fee in the highway.   The permission of the town officers in no way operated to justify the acts complained of as against plaintiff's individual rights.   The construction and maintenance of said pipe line constitutes in no sense a public use of the highway, but a private use thereof by the defendant for his individual and personal

benefit. The water was used solely in connection with his hotel, and, if he permitted the public to use the same, such use, nevertheless, was incidental and subordinate to his ownership, and did not constitute a public use in the ordinary or true sense. On the evidence presented a verdict should have been directed in favor of plaintiff for such damages as the jury might have found that he had sustained.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.