WIGHTMAN et al. v. COTTRELL et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1913.)

1. HUSBAND AND WIFE (§ 14*)—ESTATE BY ENTIRETY—EASEMENTS.

The fee in the street in front of property of tenants by the entirety is in both, subject to the public easement, and the consent of the husband to a private party to lay pipes therein is not binding on the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71–89; Dec. Dig. § 14.*]

2. JUDGMENT (§ 743*)—RES ADJUDICATA.

In an ejectment to compel defendants to remove water pipes in the street in front of plaintiff's property, a decision in a prior action by the defendants to restrain him from interfering with the pipes that the defendants had a revocable license estops such defendants to claim more.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1253, 1275–1277; Dec. Dig. § 743.*]

3. LICENSES (§ 44*)—DISTINGUISHED FROM EASEMENT.

Where plaintiff said that he had no objections to defendants putting pipes in the street in front of his property, provided the defendants would allow him to put in hydrants for three dollars per year, it was no more than a revocable license, and could not be construed to give an easement.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 97–99; Dec. Dig. § 44.*]

4. WATERS AND WATER COURSES (§ 192*)—USE OF STREETS—PRIVATE WATER PIPES—RIGHTS OF ABUTTING OWNERS.

Where city authorities allowed defendants to put water pipes in the street, but no contract was entered into, and defendants were not obliged to furnish water to any one they did not choose to serve, the defendants had no right to keep them in the street without the consent of the abutting property owners.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 279; Dec. Dig. § 192.*]

Exceptions from Trial Term, Steuben County.

Action by Henry A. Wightman and another against Delano D. Cottrell and another. Verdict was directed for plaintiff, and the defendants brought exceptions, directed to be heard in the first instance by the Appellate Division. Exceptions overruled.

See, also, 152 App. Div. 955, 137 N. Y. Supp. 1149.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and KRUSE, ROBSON, and LAMBERT, JJ.

William H. Nichols, of Bath, for plaintiffs.
James O. Sebring, of Corning, for defendants.

ROBSON, J. This action is in ejectment. Plaintiffs' purpose is to compel defendants to remove a 1¼-inch water main placed by defendants in the highway in front of plaintiffs' premises. Plaintiffs' title to the fee of the portion of the street in which this part of the pipe line is laid seems to be unquestioned. Defendants assert their right to maintain the pipe as laid for the following reasons:

(1) That it was placed in the street with plaintiffs' consent and for an adequate consideration; and defendants thereby acquired the right as to plaintiffs to maintain it in the street.

(2) That it was so placed with the consent of the public authorities authorized to grant such privilege and in the manner required by law.

[1] In considering the first claim of defendants, it should be borne in mind that title to the fee of the premises subject to the public easement is in both plaintiffs, who apparently hold as tenants by the entirety. There is an entire absence of any evidence to show that the wife, who is the plaintiff Sarah A. Wightman, ever consented in any way to the laying of the pipe. As to her, therefore, this first defense must necessarily fail. As to the other plaintiff, this issue was conclusively determined in his favor in a prior action brought by the present defendants as plaintiffs against him as defendant therein to restrain him from interfering with this pipe and taking water therefrom.

[2] The complaint in that action, among other things, contains the allegation "that, before laying said pipe in front of defendant's premises, one of the plaintiffs for a valuable consideration duly acquired from him the right to lay said pipe." This was·denied by the defendant, and the court in that case found in effect, and the judgment as amended entered in that action in terms determines "that the plaintiffs have from defendant a revocable license to maintain their water pipes on defendant's premises in said highway in front thereof." This issue was tendered by plaintiffs in that action and as an incident of the trial litigated and expressly determined. Under such circumstances, the judgment in that action estops defendants in this action from questioning at least as to plaintiff Henry H. Wightman, who was a party to that action, the fact that their occupation of this part of the highway was solely by virtue of a revocable license. Pray v. Hegeman, 98 N. Y. 351; Barber v. Kendall, 158 N. Y. 401, 53 N. E. 1.

[3] Even if it should be held that the former judgment does not operate as an estoppel, I think that the proof on this trial shows that no grant to the defendants to maintain the water pipe in the highway was proved, and, at most, they had a mere naked license to place the pipes in the highway which continued only so long as it remained unrevoked by the owners of the fee. The agreement, if any, under which defendants laid the pipe in the highway, appears in the evidence of the defendant Van Doren, being a conversation he had with

plaintiff Henry A. Wightman just before the pipe was laid. His version is as follows:

"I said to Mr. Wightman that we were contemplating putting in a water pipe. 'Would you have any objections to our running a pipe down by your property?' He said, 'Not in the least,' to go ahead, and that he was willing if we could place a hydrant on his line where he could get water for his buildings to pay us $3 a year for each one of his houses," etc.

This does not seem to establish even a license based on a consideration, much less a grant in form necessary to convey an easement. Such an easement to do some act of a permanent nature upon the lands of another cannot be created by a license even when in writing and based upon a good consideration. Of course, a license protects the licensee while it lasts; but after it has been revoked its protection ceases. White v. Manhattan Railway Co., 139 N. Y. 19, 34 N. E. 887.

[4] Second. Neither can defendants establish a right to occupy plaintiffs' premises with their water pipes by asserting the permission given them by the town authorities to lay their pipes in the highway. Though defendants insist that they are maintaining a public water system, yet it is clear that the pipe was laid and has since been operated, as the evidence shows, to serve their private uses. It is true that as maintained any family could use water from the limited hydrant supply by paying them $3 per year for the privilege. But no contract was made with any municipal body, or official, for supplying water for public use; and no obligation by express, or implied, agreement, or otherwise rested upon defendants to furnish it to any one other than such persons as they might choose to serve. The case of Cary v. Dewey, 127 App. Div. 478, 111 N. Y. Supp. 261, seems to be an authority decisive of this point.

Defendants' exceptions should be overruled, motion for a new trial denied, and judgment ordered for the plaintiffs upon the directed verdict, with costs. All concur.