Breitel, J.
 

 This appeal involves the right of an oil company to recover the costs of relocation of its pipeline laid in the bed of privately-owned land subject to a town right of way, the roadbed having been appropriated by the State in eminent domain for a State highway. It is concluded that the courts below correctly determined that the claimant was not entitled to recover such costs, as distinguished from the value, probably . inconsequential, of the easements that the oil company had obtained from the abutting owners who had held title to the roadbed.
 

 Chestnut Ridge Road has been maintained and treated as a road of the Town of Amherst since 1841. By virtue of that use the town held an easement in the land for use as a public highway (Highway Law, § 189, and predecessor statutes;
 
 James
 
 v.
 
 Sammis,
 
 132 N. Y. 239, 246-247). The abutting owners retained the fee to the roadbed, and could, therefore, devote it to any use not inconsistent with the easement of the town, with a right to compensation if the town or State devotes the land to any use other than that as a public highway (see, e.g.,
 
 Heyert
 
 v.
 
 Orange & Rockland Utilities,
 
 17 N Y 2d 352, 357, 365;
 
 Eels
 
 v.
 
 American Tel. & Tel. Co.,
 
 143 N. Y. 133, 138-139).
 

 Claimant, a private corporation engaged in the manufacture, sale, and distribution of petroleum products, obtained in 1952 from the abutting owners easements permitting installation and maintenance of the pipeline under the roadbed. Although the pipeline was to convey petroleum, the claimant also applied to the town for a permit under section 149 of the Highway Law,
 
 *393
 
 which authorizes, upon the consent of the town board, the laying of drainage, sewer, and water pipes in town roads. The permit, dated December, 1952, granted claimant permission to replace a crude oil pipeline apparently already laid.
 

 Upon the appropriation to build a State highway, the State acknowledged its liability for the cost of relocating that part of the pipeline located outside the roadbed, but refused to pay relocation costs of the pipe under the town road. The cost of such relocation, never judicially determined, is estimated as $16,114. The State also acknowledged its liability for the value of the easements.
 

 The Court of Claims and Appellate Division, in holding that compensation could not include the pipe relocation cost, relied on cases involving public utilities whose lines and mains were displaced as a result of eminent domain proceedings. The courts reasoned that the utilities ’ rights to the use of the street were conferred by the governmental body, but subject to reasonable regulation, including that the installations be relocated if the public health, safety, or convenience required. It is not altogether clear whether all of the cases relied upon involved publicly-owned land, but certainly most did. Under this rule, relocation costs are borne by the utility, and not by the condemnor (see, e.g.,
 
 Matter of Consolidated Edison Co.
 
 v.
 
 Lindsay,
 
 24 N Y 2d 309, 318;
 
 Transit Comm.
 
 v.
 
 Long Is. R. R. Co.,
 
 253 N. Y. 345, 351;
 
 New Orleans Gas Co.
 
 v.
 
 Drainage Comm.,
 
 197 U. S. 453, 461-462).
 

 Although the instant case differs from these utility cases in several respects, so that they serve as analogies only, they nevertheless are relevant on the incidence of relocation costs.
 

 Initially, the fact that claimant is a private corporation, while the earlier eases have dealt with public utilities, should not be controlling. The pivotal factor would appear to be the conditional nature of the right to use the street, not the nature of the entity awarded this right, or the function performed by it.
 

 A more significant distinction lies in the fact that the cases, generally, refer solely to the governmental
 
 “
 
 franchise ” as the source of a claimant’s right to utilize the street. It is reasoned that such a conditional grant creates no compensable property right (see, e.g.,
 
 Matter of Consolidated Edison Co.
 
 v.
 
 Lindsay,
 
 
 *394
 

 supra,
 
 p. 318;
 
 Transit Comm.
 
 v.
 
 Long Is. R. R. Co., supra,
 
 p. 351).
 

 In the instant case, the claimant’s right to nse of the roadbed derives, at least in part, from the easements granted by the abutting landowners, and for the rest it depends on the permit from the town. Claimant contends, however, that the town permit is unlike a franchise, in that it ‘
 
 ‘
 
 does no more than approve the use to which the permittee intends to put his own property.” It is urged that such a permit is of no more effect on the issue of the award in eminent domain than a building permit issued to property owners.
 

 But the easement from the fee owner is not complete or self-executing. The fee owner cannot convey more than he retains of the fee in the highway. The -construction and maintenance of a pipeline necessarily affects the town’s operation of the highway, and permission must be obtained from the town as well as the fee owner. It is this necessary permission that distinguishes the permit for constructing a pipe under a public highway from a permit to build a house on private property devoid of any effect on a public easement.
 

 Because the underlying fee in a public street is privately held, one who wishes to use it for another purpose must obtain the permission of the fee owner. He must also, however, obtain the permission of the town in order to interfere with the public easement (Highway Law, § 149; cf.
 
 Cary
 
 v.
 
 Dewey,
 
 127 App. Div. 478, 479). Such permission is necessary, whether it is sought to lay water pipes as authorized by the Highway Law, or any other pipe.
 

 Just as the common law provides that the “ franchise ” to lay cable under municipal streets does not carry with it a right to compensation for relocation costs, so permission to install a pipeline, involving interference with a public easement, may be conditioned upon denying to the claimant a right to reimburse-, ment for relocation costs. Indeed, such is the condition imposed by the permit granted to claimant in this case.
 

 The town permit provided:
 
 “1.
 
 If the road upon which this permit is issued is at the time of issuance a town highway, and should it be thereafter improved by State aid as a State or county highway, it is agreed that the applicant shall, before its
 
 *395
 
 improvement at the applicant’s own expense, remove drainage, sewer or water pipes or appurtenances which may be placed under this permit and will relay the same in conformity with the direction of the engineer in charge of such improvement and in accordance with the rules and regulations prescribed by the State Commission of Highways.”
 

 It is true, of course, that oil pipelines are not literally covered by this clause, although it should apply to such pipelines as indistinguishable for this purpose from water pipe, and the parties so treated the matter. It is also immaterial that the highway is not to be improved by the State, but superseded by one following a different course. Moreover, the clause in the permit signed by the claimant, acknowledges the conditional limits on its easements granted by the fee owners, particularly as to expenses caused by required relocation.
 

 Once it is concluded that the easement granted by the fee owner to claimant is not absolute, but subject to conditions imposable by the town as holder of the public easement, the condition or relocation at the claimant’s expense upon appropriation of the roadbed for a new highway is enforceable, even as it is by implication of law in cases where the governmental body holds the entire fee.
 

 On this analysis, the issue does not turn on whether claimant is a public utility or not, or on whether the fee to the roadbed is owned by a governmental entity. It does not seem that these are functional distinctions, but rather abstract incidents that should not be determinative of the obligations of the State or the claimant. Much more relevant is the fact that regardless of the permitted use of the roadbed or its ownership the permittee may not interfere with the public easement except by permission, a privilege the granting of which may be conditioned on the assumption of relocation costs if the public need or convenience requires such relocation.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
 

 Order affirmed.