■ New York Telephone Company, Respondent, v State of New York, Appellant. (Claim No. 60321.)—Appeal from an order of the Court of Claims, entered August 12, 1977, which granted claimant's motion to amend its claim to increase the *ad damnum* clause, denied the State's cross motion to dismiss the claim as untimely and denied the State's motion for summary judgment. On June 16, 1976, claimant, New York Telephone Company, filed a claim against the State wherein it seeks a recovery for the appropriation of a permanent easement which the State, by written agreement in 1926, allegedly granted to claimant for the installation of its conduits across the Western Gateway Bridge between Schenectady and Scotia and on the land of the approaches thereto. Subsequently, on January 4, 1977, claimant moved to amend its claim to increase the *ad damnum* clause, and in opposition the State cross-moved to dismiss the claim as untimely and also moved for summary judgment. The court granted claimant's motion and denied both motions by the State, and the State now appeals. Initially, we reject the State's argument that the claim was not timely filed. Its contention that the cause of action accrued in 1969 because at that time the State had already announced the planned replacement of the existing bridge and claimant was then able to estimate its probable damages is clearly without

merit because the announcement of an impending appropriation does not constitute a *de facto* taking at that time and the State must actually exercise dominion and control over the subject property for an appropriation to occur *(City of Buffalo v Clement Co.,* 28 NY2d 241, mot for rearg den 29 NY2d 649). Here, the record plainly establishes that the claim accrued no sooner than January 2, 1974 when the State assumed dominion and control over the bridge and, consequently, the filing thereof was well within the applicable three-year Statute of Limitations (Court of Claims Act, § 10, subd 1). Turning now to the State's contention that claimant by its own conduct should be estopped from asserting a claim for damages for the appropriation of its easement, this argument is, likewise, without merit. Although the State apparently asked claimant in 1968 for information with regard to any property interest which it had in the area of the proposed improvement, there has been no showing that claimant had a duty to supply such information, and, therefore, estoppel will not lie *(La Porto v Village of Philmont,* 39 NY2d 7). Moreover, there is evidence indicating that claimant was unaware of its property interest at the time of the request, and the State could easily have discovered said interest without relying on claimant's silence by merely ordering a title search. As for the State's motion for summary judgment, this was properly denied. Admittedly, in this instance claimant planned to relocate its conduits from the bridge that was to be replaced to the new bridge that was to be constructed, and the State cites various precedents for the common-law rule that where a utility is granted a privilege, e.g., a franchise or a license, to maintain facilities in public streets, it must bear the cost of relocating its facilities when the public health and safety requires such relocation. (See, e.g., *Matter of Consolidated Edison Co. of N. Y. v Lindsay,* 24 NY2d 309; *Transit Comm. v Long Is. R. R. Co.,* 253 NY 345.) Claimant alleges here, however, that it possessed a permanent. easement and not merely a franchise or license, and, consequently, a trial would seem to be necessary to determine what exactly its property interest was and whether or not it is entitled to compensation therefor. In conclusion, we would make two final points. *Ashland Oil & Refining Co. v State of New York* (26 NY2d 390), relied upon by the State as mandating a dismissal of the instant claim and establishing claimant's responsibility for paying the costs of relocating its conduits, is distinguishable from the situation here. In that case, the easements were admittedly conditional in nature and, furthermore, the State acknowledged its liability for at least the value of the easements while disclaiming any responsibility for relocation costs. Additionally, the record does not adequately establish the State's right to partial summary judgment in the amount of $137,050.10 for moneys allegedly paid by claimant to the State in 1971 as reimbursement for expenses incurred by the State in claimant's behalf and then included in the instant claim as an item of expense arising from the 1974 appropriation. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.