James C. Tomasi, Esq. County Attorney, Washington
You ask whether the municipality, which has acquired an easement by prescription or user to use land for public highway purposes, and/or the owner of the fee to the roadbed is the proper party to consent to the construction and maintenance of cable television facilities within the public right-of-way by a cable television company.
The establishment of a public highway by prescription or user does not divest the adjacent landowner of his fee interest in the roadway but merely creates an easement for that public use and subjects the land to a servitude for highway purposes (Ashland Oil Refining v State,26 N.Y.2d 390 [1970]; Heyert v Orange Rockland Utilities, Inc.,17 N.Y.2d 352 [1966]).* Because the underlying fee in a public street established by user is privately held, one who wishes to use it for another purpose must obtain the permission of the fee owner (ibid.).
In Heyert v Orange Rockland Utilities, Inc., supra, the town, which had acquired an easement by prescription to use land for public highway purposes, granted an easement to a private utility company to lay gas mains within the highway easement, but the owner of the underlying fee refused to do so. The Court of Appeals, in holding that the construction of gas mains constituted an unauthorized taking or use of the fee owner's property, stated that the town's easement included the right of passage over the surface of the road but did not authorize the town to install a gas main beneath it or to grant such right to a utility corporation. The Court based its conclusion upon the well-settled principle that overhead and underground construction for utility mains and services to private consumers is not a street use and therefore is not within the easement for highway purposes (id. at 358-359, citing Holden v City of New York,7 N.Y.2d 840 [1959]; Osborne v Auburn Tel. Co., 189 N.Y. 393 [1907]; Eelsv American T. T. Co., 143 N.Y. 133 [1894]; Thompson v Orange RocklandElec. Co., 254 N.Y. 366 [1930]; see, also, Buholtz v Rochester Tel.Corp., 65 Misc.2d 1071, mod on other grds 40 A.D.2d 283, app dismissed33 N.Y.2d 939 [1974]). This is to be distinguished from wires or storm sewers for lighting or draining the street itself (Thompson v Orange Rockland Elec. Co., supra). The latter are included within a public highway easement inasmuch as they are uses such "as appertain directly or indirectly to the right of passage and tend in some way to preserve or make more easy the exercise of such right" (id. at 369).
We believe that the construction and maintenance of cable television facilities within the right-of-way of a public highway established by user are not a highway or street use and therefore are not within the easement for highway purposes. Cable television is a service which distributes television programs to the premises of its subscribers (Executive Law, § 812[2]; Hoffman v Capitol Cablevision Systems,Inc., 82 Misc.2d 986 [Sup Ct, Albany Co, 1975], affd 52 A.D.2d 313, 317
[3d Dept, 1976]). In this respect, there is essentially no difference between the construction of cable television facilities and the construction of telephone or other utility facilities providing services to residential consumers, which the courts have held to be outside the scope of the highway easement.* The former, like the latter, do not pertain directly or indirectly to the right of passage over the highway and do not preserve or facilitate the exercise of that right (see,Thompson v Orange, supra).
We conclude that the construction and maintenance of cable television facilities within the right-of-way of a public highway established by user are not within the easement for highway purposes and therefore require the permission of the owner of the underlying fee in the road (Ashland Oil Refining v State, supra; Heyert v Orange RocklandUtiltites, Inc., supra; Buholtz v Rochester Tel. Corp., supra). If the owner's consent cannot be obtained, the cable company is authorized to acquire the necessary land by eminent domain (see, Transportation Corporations Law, § 27; Harper v City of Kingston, supra; 1952 Op Atty Gen 166).
In reaching this conclusion, we do pass on the question of whether such consent would be required in the situation where the public easement was obtained by dedication or express grant, or where the owner has previously granted an easement to a utility company and the cable company desires to use that company's facilities for hook-up. In these instances, the circumstances may be such that the grant to the municipality or the utility company, as the case may be, may be broad enough to include an easement for cable television facilities. See,Hoffman, supra.
In addition to the owner's consent, the cable company must be franchised by each municipality in which it proposes to provide or extend service (Executive Law, Art 28, § 819). The franchise constitutes the consent of the municipality for the use of its streets and highways for cable television purposes (see, People's Cable Corporation v City ofRochester, et al., 70 Misc.2d 763 [Sup Ct, Monroe Co, 1972] affd41 A.D.2d 585 [4th Dept, 1973]).
We conclude that a cable television company desiring to establish cable television facilities within the right-of-way of a public highway established by prescription or user must be franchised by the municipality in which such facilities will be provided and must also obtain the consent of the owner of the underlying fee to the roadbed. If such owner's consent cannot be obtained, the cable company is authorized to acquire the necessary land by eminent domain.
* A highway by use is established by public use and public maintenance for the prescribed statutory period not by express grant or condemnation (see Highway Law, § 189; Palmer v Palmer,150 N.Y. 139 [1896]).
* We note that cable television companies have been classified as transportation corporations subject to the provisions of the Transportation Corporations Law regulating the construction of utility lines by telegraph and telephone corporations (Harper v City ofKingston, 17 Misc.2d 627 [Sup Ct, Albany Co. 1959]).