OPINION OF THE COURT
Thomas J. McNamara, J.
This is a claim for de facto appropriation.
Edward J. Ullrich, an officer in Edward J. Ullrich, Inc., testified that he and his wife purchased property in the Town of Marcy, Oneida County, in 1976. The property was transferred *195 to claimant in 1990. In that same year, an application was made to the Town for subdivision approval and ultimately approval was given for an 11-lot subdivision. Subsequently, a construction loan was obtained and work on the infrastructure was begun. As part of that work, $10,592.55 was paid to Niagara Mohawk for placing power lines and other utility services. Of the total paid to Niagara Mohawk, $8,955.32, or $814.12 per lot, was to be refunded to. claimant as the houses were sold and the utilities connected. In addition, a road was built and water and sewer lines were installed. In 1991, two lots were sold and homes were constructed on those sites. A third lot was sold and an agreement for building a house on the site was made. The house was not constructed, however, because the New York State Department of Transportation announced in January 1992 that it intended to build a road that ran through the subdivision. Mr. Ullrich also testified that at the time of the announcement, an offer had been made for the purchase of a fourth lot but that negotiations were not pursued. Nine lots, and a portion of another, were eventually appropriated by the State in connection with the construction of a new section of Route 49. The relocation of this section of Route 49 was part of a multi-phase project which would connect the Cities of Utica and Rome by a limited-access four-lane highway.
Though the plan for this portion of the project was announced in early 1992, the taking maps for claimant’s property were not filed until January 1995 and were not served until March 1995. Claimant contends that as the land taken was the commodity he was selling and because the announcement of the intention to take the land, made three years before the taking, had the effect of freezing the sale of any lots in the subdivision, the announcement amounted to a de facto appropriation of the property. In claimant’s view, the State should be required to pay interest on the value of the property from the time of the announcement to the time of the de jure taking as well as the amounts expended for insurance and property taxes during that period and utility deposits not refunded.
Though the argument offered by claimant has some facial appeal, the announcement of an impending appropriation does not constitute a de facto taking at that time. The State must actually exercise dominion and control over the subject property for an appropriation to occur (New York Tel. Co. v State of New York, 67 AD2d 745). A taking, however, may occur without an actual physical invasion. Any action which affects the free use and enjoyment of the property or the power of disposition *196 at the will of the owner will also require the payment of just compensation (City of Buffalo v Clement Co., 28 NY2d 241). Nonetheless, the concept of de facto appropriation has traditionally been limited to situations involving a direct invasion of the condemnee’s property or a direct legal restraint on its use (City of Buffalo v Clement Co., supra). However, no action by the defendant produced a direct invasion or legal restraint on the property prior to the formal taking in 1995.
Claimant, nonetheless, points out that the Court in City of Buffalo (supra) also indicated that a deviation from this general rule may occur in cases involving an obvious injustice. According to claimant, this case presents such an injustice. Here, unlike other cases where a business could continue to operate during the period of time from an announcement of an intention to take to the actual taking, claimant could not continue the business of selling lots and had to shoulder the burden of mortgage interest, insurance and property taxes until the actual taking occurred.
Though the announcement no doubt had the effect of cutting off any further sale of lots in the subdivision, the loss of an opportunity to sell lots in the subdivision whether occasioned by a threat of condemnation or a downturn in the economy is an incident of ownership and, as such, does not give rise to a taking (see, City of Buffalo v Clement Co., 28 NY2d 241, supra; see also, Niagara Frontier Bldg. Corp. v State of New York, 33 AD2d 130, affd 28 NY2d 755 [loss of rents following announcement of taking]). The mere announcement of impending appropriation, coupled as it may well be with substantial delay and damage, does not, in the absence of other acts which may be translated into an exercise of dominion and control by the condemning authority, constitute a taking so as to warrant awarding compensation (City of Buffalo v Clement Co., supra, at 257). Accordingly, the claim is dismissed.