THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL L. SUTHERLAND, Appellant.

(Argued October 14, 1929; decided November 19, 1929.)

*Hamilton Ward, Attorney-General (John O. Bates* of counsel) for appellant. The testimony relating to the road involved herein does not constitute sufficient proof that such road was a public highway at the time of the alleged violation. (*McCutcheon* v. *Terminal Station Comm.*, 88 Misc. Rep. 601; *Ricketson* v. *Village of Saranac Lake*, 73 Misc. Rep. 52; 151 App. Div. 911; *Smith* v. *Smythe*, 197 N. Y. 461; *Matter of Mayor, etc., of New York*, 135 N. Y. 253; *People* v. *Kingman*, 24 N. Y. 559; *People* v. *Van Alstyne*, 3 Keyes, 35; *Saunders* v. *Townsend*, 26 Hun, 308; *Speir* v. *Town of New Utrecht*, 121 N. Y. 420; *People* v. *Underhill*, 144 N. Y. 316; *Niagara Falls Susp.*

*Bridge Co. v. Bachman,* 66 N. Y. 261; *Tozer* v. *N. Y. Central, etc., R. R. Co.,* 105 N. Y. 659; *Silverstein* v. *Houston, W. S. & P. F. R. R. Co.,* 117 N. Y. 293.)

*Spencer F. Lincoln, District Attorney,* for respondent. There is sufficient evidence that the road in question was a public highway. (*Matter of Burns,* 155 N. Y. 23; *Lewis* v. *N. Y., L. & W. R. R. Co.,* 123 N. Y. 496; *Spicer* v. *Town of New Utrecht,* 121 N. Y. 420; *Irving* v. *Town of Deerpark,* 116 N. Y. 476.)

POUND, J. Defendant stands convicted in the Court of Special Sessions of the town of Jerusalem, Yates county, and sentenced to pay a fine of $50 or to be imprisoned for fifty days in the county jail, of a violation of Conservation Law (Cons. Laws, ch. 65), section 221, which reads as follows:

" § 221. Birds and quadrupeds shall not be taken on certain public lands. Birds and quadrupeds shall not be taken * * * on or from any public highway, except public highways other than state or county highways within the forest preserve counties."

The conviction was affirmed on appeal to the County Court of Yates county. A justice of the Appellate Division of the Fourth Judicial Department allowed an appeal to this court pursuant to the Code of Criminal Procedure, section 520.

Defendant was a State game protector and as such was defended by an Assistant Attorney-General appointed for that purpose by the Attorney-General pursuant to section 9 of the Conservation Law. The case is thus magnified into the importance of a State trial.

The complainant, Simon Remington, and his son-in-law, Leonard Lerch, were hunters who were, on December 16, 1928, under observation by defendant while engaged in patrol work, suspected of some violation of the Conservation Law. He had asked them for their licenses which they exhibited to him. Shortly thereafter he shot

and killed a rabbit. Forthwith on December 20, 1928, they laid an information against him before the magistrate. The purpose of the statute, whether to protect birds and quadrupeds from molestation on the public highways or to protect the traveling public from the dangers incident to the use of the highway as a hunting ground, is not clear. Enough appears to suggest that the motives of complainants were not those of public spirited citizens intent on law enforcement. The defendant may not excuse himself for violation of law because he was the victim of witnesses swift and willing to expose his misdeeds; neither may the law be loosely construed to bring about his undoing. He is presumed to be innocent until the contrary is proved. (Code Crim. Proc. § 389.)

The evidence for the People establishes the fact that the rabbit was shot and taken by defendant in the middle of a dirt road about eighteen feet wide, which runs from Keuka College southerly along the shore of Keuka lake to Bluff Point in the town of Jerusalem in the county of Yates. The People must establish that this road was a public highway with established boundaries before it can be determined that the crime complained of was committed. (*Talmage* v. *Huntting*, 29 N. Y. 447.) The road was not a laid-out or dedicated highway of legal width. " Dedication and acceptance may both concur in a single day." (*Matter of Hunter*, 163 N. Y. 542, 548.) It was sought to establish that it had become a highway by user under section 209 of the Highway Law (Cons. Laws, ch. 25), which reads as follows:

" § 209. Highways by use. All lands which shall have been used by the public as a highway for the period of twenty years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least two rods."

The evidence on the point of user was meager. The town superintendent of highways testified that he was thirty-nine years old; that he had been the town superintendent for three years; that he had been more or less familiar with the road all his lifetime; that the dirt road had been used generally by the public during that time; that it was one of his duties to work the road and that he had done so. He was permitted, over objection and exception, to characterize the road as a public highway. On this unsubstantial evidence it has been held that the road was a public highway by use. The question was one of fact to be established by proof of evidentiary facts and decided thereon by the trier of fact and not by the town superintendent of highways.

Obviously the town superintendent could not, on the evidence given by him, in the language of Highway Law, section 209, open such highway " to the width of at least two rods," for there was no evidence of user by the public for twenty years of a road two rods in width. In *McCutcheon* v. *Terminal Station Comm.* (88 Misc. Rep. 601) it was held that section 209 of the Highway Law should be construed to mean that land used as a highway by the public for twenty years shall become a public highway provided it complies with the law as to width. This holding is in conflict with the decision in *Harlow* v. *Humiston* (6 Cow. 189), not referred to in the case cited, to the effect that although the statute then in force (2 R. L. 277) required public roads to be laid out four rods wide, yet, where they are claimed to exist by reason of a use of twenty years or more they may be less than four rods wide. This case we think, states the correct rule. If a road or way be established by prescription or user, the public use defines the extent of the easement. (*Walker* v. *Caywood*, 31 N. Y. 51.) A presumption of dedication and acceptance or of the laying out of a highway of legal width is not the basis of the establishment of a highway by user. Such rights rest

on the statutory user itself and not on presumption, although no doubt an analogy between the statutory declaration and the common-law doctrine of prescriptive rights persists. (*James* v. *Sammis*, 132 N. Y. 239, 247.)

On the other hand, mere travel by the public over a country road not laid out or dedicated by the owner without more has never been held to be use of the road by the public *as a highway*, under section 209 of the Highway Law. Many private roads are thus used by the public without becoming public highways. The road must not only be traveled upon by the public but it must also be kept in repair or taken in charge and so adopted by the public authorities. " We think all this is implied in the words ' used as public highways.' " (*Speir* v. *Town of New Utrecht*, 121 N. Y. 420.) Applying this test we do not regard the evidence as sufficient to justify a finding that the road in question had been used as a public highway for twenty years or more at the time when defendant shot the rabbit. It had been recognized as a public highway by the town authorities for three years and no more. (*Palmer* v. *Palmer*, 150 N. Y. 139; *People* v. *Underhill*, 144 N. Y. 316, 324.) The burden was on the People to establish that the road had been taken charge of by the public authorities and treated and regarded by them as a public highway like the town highways generally, for the period of twenty years or more, so that the town became responsible for its condition (Highway Law, § 74) and persons obstructing the same became subject to punishment under Penal Law, section 1530. This burden it failed to meet.

The judgment should be reversed and the information dismissed.

CARDOZO, Ch. J., CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgment reversed, etc.