Appeal from a judgment of the Supreme Court, Franklin County, rendered after trial, upon the decision of an Official Referee. The issue which has been tried and determined is as to the status of a roadway, known as the “ Byram Road ”, nearly a mile in length, in the town of Altamont, Franklin County. Beginning at a town highway, it extends therefrom through plaintiff’s lands and dead-ends at or near property of other parties. Plaintiff’s suit has, without objection, been treated, tried and considered as one for a permanent injunction to restrain the defendant Town of Altamont from going upon said road and reconstructing and maintaining it as a public highway. She alleges it to be a private road, never having been dedicated as a public highway nor used as such for the requisite statutory period. (Highway Law, § 189.) It is conceded that there has been no dedication by the owners of the fee. Under long and. well-established authorities defendant’s proof as to the intermittent use of- the road by members of the public for divers and sundry purposes in and to itself is wholly insufficient to give it the status of a highway. (Spier v. Town of New TJtreeht, 121 N. Y. 420; Palmer v. Palmer, 150 N. Y. 139; People V. Brooklyn é Queens Tr. Corp., 273 N. Y. 394, 399; People v. Sutherland, 252 N. Y. 86, 91.) Plaintiff’s proof clearly established a prima facie case that the Byram Road was not a highway either by dedication and acceptance or by public user, and this, in our opinion, was not overcome by defendant’s evidence of any action taken with reference to the road on the part of the defendant town. There was no competent direct evidence that the defendant ever took any official action concerning it until the “ Special highway meeting” of its town board on December 6, 1947.- The evidence is that: “ This meeting was called for the purpose of discussing the old Byron [sic] *918 Road ” and thereat the superintendent of highways was “ authorized and instructed to plow this road this Winter and * * * repair [it] as soon as the weather is permissible, so that this Town road will be passable for all the taxpayers on this public road.” Of course, the defendant’s town board could not constitute the road a highway by thus referring to it as a public road, and their action in calling a special meeting to discuss the road and in authorizing the town superintendent to plow it of snow and repair it is quite inexplicable if, in fact, it had for the prior twenty years been taken over, adopted and maintained by the town as a highway. Defendant’s evidence that, for one reason or another, its employees had at infrequent and irregular times plowed it of snow and made some inconsequential repairs to it, principally at its interception with a highway, was insufficient to establish its status as a highway within the intent and meaning of the statute. Judgment reversed on the law and on the facts, with costs and taxable disbursements. The Official Referee’s findings of fact Nos. 19, 20, 21, 22, and 23 and conclusions of law Nos. 1 and 2 are disapproved and new findings of fact and conclusions of law made to the effect that the Byram Road described in the complaint is not a highway, and that the plaintiff is entitled to a judgment awarding her a permanent injunction restraining the defendant town from any maintenance thereof as such, decision to be settled before Mr. Justice Heefernan. Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ., concur.