Dye, J.
These appeals, by our permission, involve claims for damages arising out of an alleged de facto appropriation of land for use in the reconstruction of a State highway known as U. S. Route 20, which runs in an easterly-westerly direction between the City of Auburn and the Village of Skaneateles. The subject properties are located on a highway east of Auburn. In the course of the work done in 1951-1952, the two-lane concrete sections of the road were widened from 20 feet to 48 feet. The appellants claim that in performing this work the State encroached on lands owned by them.
In the Court of Claims the issue turned on whether the lands in question were within the boundaries of a pre-existing highway easement. The State demonstrated that U. S. Route 20, in the controverted area, originally came into existence as a part of the Seneca Turnpike pursuant to chapter 78 of the Laws of 1800, and the trial court so found. That statute provided for the establishment of the Seneca Road Company and authorized it to build the Seneca Turnpike from Utica to Cayuga Lake and westward to Canandaigua. The statute provided for a right of way six rods in width. The road was to follow as closely as possible the road of the existing Genesee road, also six rods in width.
The extensive proof offered by the claimants to show that the Seneca Turnpike was not improved to its full width does not afford any basis for extinguishing the right to the portion not so improved. Where a road has obtained its character as a public highway by user, its width is determined by the width of the improvement (People v. Sutherland, 252 N. Y. 86; cf. Beisheim v. People, 26 Misc 2d 684). But where the road has been laid out under a statute, it is the statute and not the user that determines the width (Walker v. Caywood, 31 N. Y. 51 [1865]). Nor does the failure of the State to occupy the full width, or to improve the road in the manner provided, constitute an abandonment of the easement of the unused portion (High *239 way Law, § 205; Walker v. Caywood, supra; Beckwith v. Whalen, 65 N. Y. 322; Mangam v. Village of Sing Sing, 26 App. Div. 464, affd. 164 N. Y. 560). Indeed, the statute itself only required improvement over a width of 24 feet.
Marvin v. Pardee (64 Barb. 353), cited by the appellants, dealt with a situation arising under chapter 75 of the Laws of 1806, which was an amendment to the prior act, affecting the Seneca Road Company by requiring the Commissioners to file an accurate map or survey of lands acquired by them in the office of the clerk of the county through which the road passed. There being no proof of statutory compliance as to filing, the court found there was no satisfactory evidence of acquisition. Here, on the other hand, we deal with a situation arising under the Laws of 1800 and that, by its terms, required no filing. That point is, in any event, not decisive.
It was established as a fact, and so found, that Route 20 is the old Seneca Turnpike as laid out pursuant to chapter 78 of the Laws of 1800. Since the Seneca Turnpike was laid out under color of statute, it must be deemed that the State acquired a right of way by prescription to a width of 99 feet as provided for in the statute. This result is in accordance with the widely recognized rule that, where a highway is defectively laid out under color of statutory authority, it will be deemed to create a prescriptive right to the width prescribed by the statute, although greater than the extent of actual user (e.g., Pillsbury v. Brown, 82 Me. 450; State v. Auchard, 22 Mont. 14; McNab v. Town of Trenton, 55 N. S. 160, 63 D. L. R. 306, 13 B. R. C. 734; see 1 Elliott, Roads and Streets [4th ed.], § 193, and numerous cases cited). The statute was notice to all that the road was three rods in width on either side of the center line. In fact, these claimants’ own abstracts of title identify this road as the Seneca Turnpike and describe the property conveyed as beginning in the center of the turnpike road subject to the easement for highway purposes. In this light the appellants’ contention as to lack of payment is of no consequence. This being so, the alleged encroachment on the north being within the right of way, compensation was properly disallowed. The parcels lying on the south side of the highway were outside of the right of way. However, since the claimants had not established any measure of damages relating to that encroachment no award was made.
*240 The attack on the constitutional validity of the Laws of 1800, raised for the first time in this court, need not detain us. We may consider only issues raised in the court below (Flagg v. Nichols, 307 N. Y. 96, 99). Even if we assume, for sake of argument, that the statute is defective, nothing could be gained by these appellants in having the statute declared invalid since, in any event, the State had acquired a valid prescriptive right of way of 99 feet in width under color of statutory right.
The judgments appealed from should be affirmed, with costs.