Robert H. Ecker, J.
Plaintiffs bring these actions in trespass to recover damages against the Town of Summit for destroying parts of a stone wall fence and a number of trees during the course of the reconstruction in 1973 of Merwin Road.
Merwin Road is a town highway acquired by user.
On August 10, 1973, plaintiffs Fasihi-Chirazi purchased HVi acres of land lying from the center line of the town road northerly.
Plaintiffs Desmond the same day acquired 9.931 acres of land lying across from the Fasihi-Chirazi property from the center line southerly.
Merwin Road was then a dirt road with the traveled bed varying from 10 to 16 feet. On each side of the traveled bed and about 10 feet distant were remnants of a stone wall fence. There was a ditch on the northerly side of the highway and the stone wall on that side was at the northerly edge of the ditch. Trees, shrubs and other brush grew wild on both sides of the highway in the area of the stone wall remnants.
In 1971, discussion was had between the town highway superintendent and the town board concerning improvement of this dirt road. It was then determined to rebuild the highway in accord with specifications of the Town Highway Improvement Program (Donovan Plan). The project was ap *671 proved by the Schoharie County Superintendent of Highways in 1971 and work on the reconstruction actually commenced in July of 1973.
Plaintiffs’ lands are a part of a 165-acre farm sold on January 16, 1973 by Waldemar Hanley and his wife to George Lynch, Holger Eklund and Robert H. McDowell, who were the immediate grantors of these plaintiffs.
On July 14, 1972, Waldemar Hanley gave written permission to the Town of Summit to enter upon his land and cut slope for the construction of the new road. This written consent was not acknowledged but was filed in the town clerk’s office.
It is undisputed that what there was of the stone wall fences and the brush and trees along them were removed by the town with the trees and brush being burned and the stones from the fence being used in the reconstruction of the highway.
Plaintiffs claim damage by reduction in value of their respective properties due to the removal of the brush, trees and stone wall.
The Town of Summit only has three roads which are dedicated. All others were acquired by user. The same situation probably prevails in all towns in the County of Schoharie and probably also in a good many other counties in this State.
The court finds that Merwin Road has been used by the public as a highway for more than 10 years prior to 1973 and for that period it has been worked and maintained by the town highway department, but in the area here involved the area worked and maintained did not clearly include the stone walls or the trees and brush growing along the stone walls. Accordingly, the actual width of the established user in the area of the road here involved varied from and between 30 to 36 feet.
The question therefore to be here resolved is whether the town road in this area is 30 to 36 feet wide or is three rods wide as decreed in section 189 of the Highway Law.
Section 189 of the Highway Law reads as follows: "All lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods.” This section *672 dates back at least to section. 3 of chapter 43 of the Laws of 1817, although at least through part of the 1800’s and up to 1936, the statute directed the opening of all such highways to a width of at least two rods.
Walker v Caywood (31 NY 51) and People v Sutherland (252 NY 86) have over the intervening years been cited as authority for the proposition that where a road or way is established by prescription or user, the public use defines the extent or width of the easement. (See Schillawski v State of New York, 9 NY2d 235, 238; Bovee v State of New York, 28 AD2d 1165; Jones v Cederquist, 1 Misc 2d 1020, Van Allen v Town of Kinderhook, 47 Misc 2d 955.) However, that proposition as stated in Caywood (supra), and Sutherland (supra), was pure dictum.
For a road by user to have its width determined by the extent of provable use at any given point along the highway, would lead to highways of widely fluctuating widths depending at least upon user as dictated by the terrain. The width at a given point might also be determined by the greed of an adjoining landowner as he moved his fence closer and closer to the middle line of the highway thus circumscribing the width of the user. See Town of West Union v Richey (64 App Div 156, 162), where the court said: "The condition which I believe has been brought about by the Legislature is a wholesome one. A highway by twenty years’ user is entitled to as much consideration as one recorded. It would put a premium upon the greed of an adjacent proprietor to a highway to enable him to push his fence into the street and thus narrow the space which has been long accessible to the wayfarer, simply because there is no record of the road.”
The court in Nikiel v City of Buffalo (7 Misc 2d 667, 670) found the width of a street in the City of Buffalo and the City of Lackawanna to be a uniform 50 feet in width absent proof of such uniform user, with the following language: "While the width and extent of a highway established by prescription or use are generally measured by the actual use for road purposes, the easement is not necessarily limited to the beaten path or traveled tract. It carries with it the usual width of the highway in the locality or such width as is reasonably necessary for the safety and convenience of the traveling public and for ordinary repairs and improvements. A highway established by user includes the traveled tract and whatever land is *673 necessarily used or is incidental thereto for highway purposes.”
However, the later cases of Jones v Cederquist (1 Misc 2d 1020, supra) and Van Allen v Town of Kinderhook (47 Mise 2d 955, supra) applied the dictum of Walker v Caywood (31 NY 51, supra) and People v Sutherland (252 NY 86, supra) more restrictively in favor of the adjoining landowner limiting in each case the width of the highway to the traveled road itself, the shoulders and ditches.
In both Jones v Cederquist (supra , p 1026) and Van Allen v Town of Kinderhook (supra, pp 958-959), the courts held the language of section 189 of the Highway Law does not have its ordinary meaning, saying: "It is clear that the legislative intent in enacting section 189 of the Highway Law was not to authorize the town superintendent to appropriate lands not actually in use as roads without the consent of the owner thereof or by due process of law compensating the owner[s] therefor. To do otherwise would be taking real property without due process of law in violation of the Federal and State Constitutions.” The court in Van Allen v Town of Kinderhook (supra) relied in part upon Schillawski v State of New York (9 NY2d 235, supra), which repeated the dictum in People v Sutherland (supra), that the width of a highway by user is determined by the width of the improvement.
However, in Schillawski (supra, p 239), the court enlarged a road laid out to a width of 20 feet to a width of 99 feet, saying: "This result is in accordance with the widely recognized rule that, where a highway is defectively laid out under color of statutory authority, it will be deemed to create a prescriptive right to the width prescribed by the statute, although greater than the extent of actual user”. The statute in question authorized the Turnpike Company to lay out a highway of six rods in width. The court said: "The statute was notice to all that the road was three rods in width on either side of the center line.” (Schillawski, supra, p 239.)
If in Schillawski (supra, p 239), "[t]he statute was notice to all that the road was three rods in width on either side of the center line” then section 189 of the Highway Law, and its predecessors, was and is notice to all that the road being developed over their property by user, would on passage of the statutory period of 20 years, use (later 15 years and now 10 years) be a road at least three rods (formerly two rods) in width. For a highway to become one by user, it must result *674 from the acquiescence of the adjacent property owners, i.e., their acquiescence in the user. They were and are on notice that by their acquiescence over the appropriate period of time, the Legislature decreed that the resulting public highway would be at least three rods (formerly two rods) wide.
Once the owners of the adjacent lands during the prescriptive period have acquiesced in the user, and the road becomes a public highway by user under section 189 of the Highway Law, or its predecessor statutes, should a subsequent owner who purchased the property with the public highway already extant, be permitted to complain when the town later makes use of its full statutory authorized easement to improve or reconstruct the road bed? They should not be so permitted as was done in Jones v Cederquist (1 Misc 2d 1020, supra) and Van Allen v Town of Kinderhook (47 Misc 2d 955, supra).
The forerunner of what this court believes to be the correct rule was expressed in James v Sammis (132 NY 239, 247), where the court said: "The general act of 1813 went further and provided that when roads had been used for twenty years or more next preceding the 21st day of March, 1797, they should be taken and deemed as public highways, although no record of them had been made, and charged the commissioners with the duty of opening to the width of two rods or more all roads which had been so used at that time * * * This statutory declaration probably was for its support founded upon the common-law doctrine of dedication to the public by presumption (thus made conclusive) arising from acquiescence on the part of the owner in the use of a road as a thoroughfare for twenty years, a period analogous to that of the limitation applicable to incorporeal rights as between persons.” This case was cited with approval in Ashland Oil & Refining Co. v State of New York (26 NY2d 390, 392) and in Heyert v Orange & Rockland Utilities (17 NY2d 352, 357).
Heyert (supra, p 357) fully embraced the James case (supra) saying: "Plaintiff has the underlying title to real property extending to the center of East Willow Tree Road. This highway was acquired by the town by user under what is now section 189 of the Highway Law, which dates back at least to section 3 of chapter 43 of the Laws of 1817, which was founded upon the common-law doctrine of dedication to the public by agrant, presumed to have been made, which has become conclusive by acquiescence on the part of the owner in public use as a highway coupled with improvement and main *675 tenance by the public authorities during a period of time analogous to that of the limitation applicable to private persons claiming title through adverse possession (James v Sammis, 132 NY 239; Palmer v Palmer, 150 NY 139, 147-148; Goldrich v Franklin Gardens Corp., 138 NYS2d 731, affd 2 AD2d 752, affd 2 NY2d 906; Speir v Town of New Utrecht, 121 NY 420). This statute provides that 'All lands which shall have been used by the public as a highway’ for the requisite number of years 'shall be a highway, with the same force and effect as if it had been laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods.’ Public highways arising from presumption of dedication through user under section 189 of the Highway Law, or by written instrument 'for highway purposes’ delivered and accepted under section 171, do not involve the conveyance of a fee but the transference of an easement to the public for the purpose of a highway (Osborne v Auburn Tel. Co. 189 NY 393).” If the above-quoted language from the Heyert case means anything, it means that section 189 of the Highway Law has its ordinary meaning, and that after a period of 10 years (formerly 15 or 20) or more of public use a highway is a public highway, with the same force and effect as if it had been duly laid out and recorded as a public highway, and the town superintendent shall open it to the width of at least three rods.
The court in Ashland Oil & Refining Co. v State of New York (26 NY2d 390, 392, supra), held that where the town had an easement in the land for use as a public highway under section 189 of the Highway Law and its predecessor statutes, "[t]he abutting owners retained the fee to the roadbed, and could, therefore, devote it to any use not inconsistent with the easement of the town, with a right to compensation if the town or State devotes the land to any use other than that as a public highway”. Thus circumscribing the use to which the owners could put the easement area is inconsistent with the concept that the town had no easement beyond the traveled portion, shoulders and ditches.
If the Legislature intended that the width of a highway should be governed by the width of user, there would have been no need for the Legislature to amend the Highway Law in 1936 to change the minimum width of a highway by user to "at least three rods” from "at least two rods”.
The fact that the town superintendent of highways fails to *676 follow the statutory mandate and "open all such highways to the width of at least three rods” does not make the highway any more narrow than three rods. In fact, under section 189 of the Highway Law, the town superintendent could open the road to a width greater than three rods where the width of the user so dictated but he could not open a road to the width of less than three rods, except of course for highways acquired by user under the prior two rod minimum.
The general public and the adjoining owners have an interest in having a highway remain of the width intended and in its continuing at that uniform width. The town highway superintendents and formerly the commissioners of highway as agents of the people are and have been charged with the duty of instituting proceedings to remove encroachments upon highway rights of way. (Walker v Caywood, 31 NY 51, 59.) If the town superintendent of highways or his predecessor in title fail to open a highway to its authorized width or fail to maintain proceedings for removal of encroachments, a highway does not lose its character from such a cause. An adjacent owner by fencing or otherwise encroaching upon a portion of a highway cannot defeat the easement of the public therein. (Walker v Caywood, supra, p 63.)
Subdivision 8 of section 140 of the Highway Law supplements section 189 and reads as follows:
"The town superintendent shall * * *
"(8). Cause such town highways as shall have been laid out, but . not sufficiently described, and such as shall have been used for twenty years, but not recorded, to be ascertained, described, and entered on record in the town clerk’s office.”
Subdivision 13 of section 140 of the Highway Law authorizes the town superintendent to "[bjring an action in the name of the town, against any person or corporation, to sustain the rights of the public, in and to any town highway in the town”.
It was unclear under the proof in this case when the town road known as Merwin Road became a town highway by user but at the very least it was prior to 1973 and subsequent to 1936. Accordingly, under the proof in this case the town road in the Town of Summit, known as the Merwin Road is of the width of at least three rods.
The trees and sections of stone wall here involved being within the three rod minimum width of the highway could *677 properly be removed by the town highway superintendent without compensation to plaintiffs. (Highway Law, §§ 140, 147; County of Broome v McKune, 267 App Div 13, 16; County of Chautauqua v Swanson, 260 App Div 124, 126; Town of West Union v Richey, 64 App Div 156, 159.)
Defendant contended that the unrecorded consent executed by Mr. Hanley, plaintiffs’ predecessor in title, bound the plaintiffs. The court does not agree. The consent does not bind plaintiffs as purchasers without notice. (Adee v Nassau Elec. R. R. Co., 65 App Div 529, 538.) The consent even after plaintiffs purchased the property, authorized the town to enter upon the property beyond the width of the highway but plaintiffs as purchasers without notice would have a right to compensation for any damages done by the town to the property outside of the highway easement area. (Adee v Nassau Elec. R. R. Co., supra.) However, here there has been no proof of the amount of damages if any, plaintiffs sustained beyond the three rod highway easement area.
Plaintiffs’ complaints are accordingly dismissed on the merits.
Submit order accordingly.