Hon. William E. Stanton Town Attorney, Stanford
This is in response to your letter of July 24, 1978, wherein you requested assistance as to what legal action or recourse could be taken with respect to an owner of property, abutting a town road, who has constructed a stone wall along his property line which is approximately 13 feet from the center of the road and, according to the Town Superintendent of Highways, creates a hazard with respect to snow removal and potential other hazards. You subsequently advised me telephonically on August 2, 1978, that said road had been used as a public highway for over a ten year period.
Highway Law, § 189, states as follows:
 "All lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods."
Section 189 of the Highway Law, supra, grants to a town the statutory width of the public highway of three rods (i.e., 49-1/2 feet), and even where a town does not have specific title to the statutory width, nevertheless, a town has an easement to that specific area for purposes necessarily used and incidental for the public highway. (SeeDesmond v. Town of Summit, 82 Misc.2d 669, 370 N.Y.S.2d 413 [1975], for a detailed discussion concerning the statutory width, control and maintenance of a public highway; also see Walker v. Caywood, 31 N.Y. 51.)
In regard to your query as to what legal action or recourse could be taken by the Town, your attention is directed to section 140 (13) of the Highway Law describing the duties of the town superintendent to:
 "Bring an action in the name of the town, against any person or corporation, to sustain the rights of the public, in and to any town highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto, and to recover any damages sustained or suffered, or expenses incurred by such town, in consequence of any act or omission of any such person or corporation, in violation of any law or contract in relation to such highway."
Accordingly, we conclude that the Town of Stanford may, if it so desires, bring legal proceedings pursuant to sections 140 (13) and 189 of the Highway Law to remove the stone wall where it encroaches upon the three rods' width of the said Town road and interferes with the purposes necessarily used incidental for a public highway.