OPINION OF THE COURT
Edmund L. Shea, J.
Plaintiff seeks a permanent injunction restraining the defendant Town of Fine from performing certain work beyond the surface of a town road through the forest preserve without first applying to the Department of Environmental Conservation for a permit. Plaintiff was granted a preliminary injunction in this matter on May 2, 1980, when the defendant defaulted on the motion.
By this motion, originally returnable November 4,1981, the defendant seeks for the first time to dissolve or modify the preliminary injunction granted some 18 months earlier. Defendant also moves to dismiss the plaintiff’s complaint for failure to state a cause of action. (CPLR 3211, subd [a], par 7.)
*57 The plaintiff opposes this relief and cross-moves for summary judgment.
The underlying controversy arises out of efforts by the Town of Fine to maintain or improve the “Inlet Road.” This road is a town road by prescription or user which runs through the forest preserve from State Route 3 to the settlement of Inlet on the Oswegatchie River. It was conceded at oral argument that the State is the fee owner of the land over which the road runs.
The Department of Environmental Conservation (hereafter DEC) relying primarily on chapter 488 of the Laws of 1937 has instituted a permit requirement for certain work outside the driving surface, but within the right of way, of roads by prescription through the forest preserve. It is DEC policy to allow normal surface maintenance, ditch clearing and culvert replacement without requiring a permit. However, where the road is to be widened or straightened or if trees are to be cut along the road, though this work may be within “the specified width of the road,” a permit is required if the town does not own the land in fee. The work at bar involves cutting trees adjacent to the road, straightening curves, bulldozing and regrading and putting in ditches, all apparently within the town right of way but beyond the current driving surface of the road.
The town adamantly refuses to apply for a permit, arguing that the Highway Law gives it a three-rod right of way even though its road is by prescription. (Highway Law, § 189.) The Town argues that it has certain duties to maintain its roads under the Highway Law, out of which liability may arise if it fails to perform its duties. (Highway Law, §§ 140, 270.) It urges that the DEC cannot restrict its performance of these duties by requiring it to secure a permit to work within its own right of way. The town urges that the road is deteriorating badly and that the preliminary injunction must be dissolved or modified to permit it to do a variety of maintenance work beyond the existing driving surface of the road.
The issue presented is whether chapter 488 of the Laws of 1937 can reasonably support the DEC permit requirement, and, if so, whether the duties imposed by the Highway Law supersede the DEC policy.
*58 The papers raise no questions of material fact. The issues turn solely upon the resolution of the legal questions.
The DEC has the responsibility and power to manage, preserve, protect and regulate the State forest preserve. (ECL 1-0101, 3-0301, 71-0505; art 9.) This institutional mechanism arises out of the strong State interest in the proper management, regulation and preservation of its forest preserves. The State’s policy in this regard has been consistently reiterated in a variety of contexts and forums. (See NY Const, art XIV, § 1; ECL 1-0101; Wambat Realty Corp. v State of New York, 41 NY2d 490; Association for Protection of Adirondacks v MacDonald, 253 NY 234; Helms v Reid, 90 Misc 2d 583.)
Section 1 of article XIV of the New York State Constitution requires that the forest preserve be kept “as wild forest lands” forever. Such lands “shall not be leased, sold or exchanged, or be taken by any corporation, public or private, nor shall the timber thereon be sold, removed or destroyed.” Previously authorized highways might be constructed, completed and maintained by the State, while new roads could be authorized only by constitutional amendment. (Association for Protection of Adirondacks v MacDonald, supra; Peasley v State of New York, 102 Misc 2d 982.)
The Court of Appeals in MacDonald (supra, p 238) read this language as permitting “necessary” activities in the forest preserve such as “measures to prevent forest fires, the repairs to roads and proper inspection, or the erection and maintenance of proper facilities for the use by the public which did not call for the removal of the timber to any material degree.” The use and preservation of the forest preserve is subject to the reasonable regulations of the Legislature within strictly restricted constitutional bounds. (Association for Protection of Adirondacks v MacDonald, supra, p 239; Helms v Reid, 90 Misc 2d 583, 593, supra.) Clearly, an unsubstantial cutting of timber which is necessary to the safe enjoyment of the forest preserve is permissible. Moreover, MacDonald establishes that such cutting as is necessary must be regulated in such a way as to protect the wild character of the forest preserve to as great an extent as is possible.
*59 The statutory language of section 1 of chapter 488 of the Laws of 1937 seems peculiarly well suited to institutionally guaranteeing a consideration of wilderness values in the ongoing process of providing necessary highway maintenance: “In the event that it is * * * necessary to maintain, reconstruct or improve * * * town highways now existing in the forest preserve, the * * * town superintendents of highways * * * are hereby authorized to occupy a right of way over such state lands as may be required in the maintenance and/or reconstruction or improvement of such * * * town highways, subject to the approval of * * * the conservation commissioner of the state of New York”.
Pursuant to this statutory mandate, the DEC has adopted a policy statement designed to carry out its supervisory responsibility. The DEC allows normal surface maintenance, ditch clearing and culvert replacement without its direct involvement. However, if a road is to be widened or straightened, or if trees are to be cut along the road, even if the trees are within the town’s easement, a permit is required if the town does not own the fee. Application must be made to the appropriate regional forester before such work can be undertaken. The regional forester is to inspect the proposed work project and send the application and his recommendations to the Bureau of Preserve Protection and Management. The bureau will process the final permit through the appropriate DEC offices and the Department of Transportation. If the permit is approved, the regional forester will periodically inspect the project to insure compliance with the terms of the permit. The statement ends on a now ironic note: “The spirit of cooperation is to be stressed in working with town and county governments.”
The town argues that chapter 488 of the Laws of 1937 gives the DEC no power to require a permit as a prerequisite to work within its statutorily mandated easement. (Highway Law, § 189.) The town maintains that the statutory reference to “a right of way over such state lands” refers to any right of way in addition to that already possessed which may be necessary to maintain town roads. (L 1937, ch 488.) Given this interpretation, it views the statute as a reasonable regulation of the use of the forest *60 preserve, as envisioned by the Court of Appeals in MacDonald (supra). Finally, the town argues that the DEC distinction between roads by user and roads by dedication is irrational and contrary to section 189 of the Highway Law.
The distinction actually utilized by the DEC in its supervisory policy is between roads by user and those roads to which the town owns fee title. This distinction is prima facie rational given the constitutional prohibition against selling, removing or destroying timber on the State forest preserve. (NY Const, art XIV, § 1.)
A long line of cases has consistently held, despite the express language of section 189 of the Highway Law and its predecessors, that the width of a public highway by user is determined by the extent of the improvement or public use. (Schillawski v State of New York, 9 NY2d 235; People v Sutherland, 252 NY 86; Walker v Caywood, 31 NY 51; Van Allen v Town of Kinderhook, 47 Misc 2d 955; Beisheim v People, 26 Misc 2d 684.) Closer analysis indicates that once a highway is established by public use, it should be opened and considered opened to the statutorily mandated width. (Highway Law, § 189; Desmond v Town of Summit, 82 Misc 2d 669; 1978 A tty Gen [Inf Opns] 244.) However, a final resolution of this issue would not anwer the question of whether the DEC may regulate work on heretofore unoccupied town highway easements over the forest preserve.
The DEC reads chapter 488 of the Laws of 1937 as legislating regulation of work within the heretofore unoccupied easement of the town. It notes that the statutory language refers to existing town roads and argues that, by necessary implication, the reference to a right of way must be to the existing right of way. Furthermore, citing the statutory language and the line of cases arising out of Walker v Caywood (supra) it urges that a right of way may exist without being occupied. The DEC maintains that the town’s intention to cut trees and widen and straighten its road, beyond its current use but within its alleged statutory easement, constitutes an occupation of its heretofore unused easement subjecting it to regulation.
The DEC argues that such regulation is reasonable given the statutory and constitutional context coupled *61 with the town’s prior limited use of its easement over the State forest preserve. Finally, the DEC urges that the town’s reading of the statute cannot be valid as the constitutional prohibition against establishing new roads in the forest preserve save by constitutional amendment renders the DEC powerless to grant any additional right of way over the forest preserve. (NY Const, art XIV, § 1; Peasley v State of New York, 102 Misc 2d 982, supra.)
Statutes are to be construed in harmony if that can be done without violating the established canons of statutory construction. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 398.) Moreover, the parts of a statute are to be harmonized so as to give effect to the general intent of the whole. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97, 98.) Conflicts between the statute and the Constitution are to be avoided, if possible. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) Constructions that give rise to futile, unreasonable or ineffective results are to be avoided. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 141-145; Matter of Industrial Comr. of State of N. Y. v Five Corners Tavern, 47 NY2d 639.) More particularly, “[i]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld.” (Matter of Howard v Wyman, 28 NY2d 434, 438.)
As a general rule, a statute of specific application will take precedence over an apparently conflicting statute of general application. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 397.) The generally applicable statutory mandates of the Highway Law, while decreeing a three-rod width for modern highways by user, does not prohibit the regulation of work within that width. Chapter 488 of the Laws of 1937 applies specifically to highways within the State forest preserve. It charges the DEC and the Department of Transportation with the responsibility of supervising maintenance work on highways in the forest preserve when such work requires the occupation of a right of way over State lands. Since the construction given the statute at bar, and the permit requirement derived therefrom, is neither irrational nor unreasonable, it must be upheld by *62 the court. The defendant Town of Fine must apply for the required permit before undertaking the work in issue.
The New York State Constitution prohibits the destruction of timber and the construction of roads not authorized by constitutional amendment in the State forest preserve. The Court of Appeals in MacDonald (253 NY 234, supra) has read these prohibitions as permitting, among other necessary activities, appropriate road maintenance. The Legislature has placed upon the DEC and the Department of Transportation the responsibility of regulating such • maintenance activity involving the occupation of a right of way over State lands. (L 1937, ch 488.) It is uncontroverted that the maintenance contemplated by the defendant involves the occupation of such a right of way as defined by the DEC.
Plaintiff’s cross motion for summary judgment is granted. Defendant’s motions are denied.