OPINION OF THE COURT
D. Bruce Crew, III, J.
By an order to show cause, petitioners commenced this CPLR article 78 proceeding and obtained a temporary restraining order preventing respondents "from all further widening of the roadway or shoulders of Turkey Hill Road between Mount Pleasant Road and State Route 366 * * * and specifically from widening the roadway or shoulders of Turkey Hill Road beyond the present width in front of the land of [petitioners]”. On the return date the court reserved decision and orally modified the temporary restraining order so as to prohibit respondents only from widening the roadway or shoulder of Turkey Hill Road beyond its present width on petitioners’ property.
At the outset the court observes that the petitioners, in *530 seeking article 78 relief, have elected an improper remedy. The gravamen of their petition is that the town is about to commit a trespass upon their property by widening the road. The appropriate remedy is a plenary action seeking injunctive relief. Accordingly, the court converts this proceeding to an action seeking such relief (CPLR 103 [c]; Matter of Fritz v Huntington Hosp., 39 NY2d 339) and treats the present application as motions by petitioners for a preliminary injunction (CPLR 6311) and by respondents for dismissal of the complaint for failure to state a cause of action (CPLR 3211 [a] [7]).
Petitioners own property having as one of its boundaries the centerline of Turkey Hill Road. Upon their land are situate 24 spruce trees in a row about 14 feet to the east of the center-line. Respondents have undertaken to repair and improve Turkey Hill Road and such work would apparently result in the destruction of the trees and the leveling of the mound upon which they are located. Respondents claim a right to work on the area under dispute by virtue of the provisions of Highway Law § 189. Turkey Hill Road had been established as a town road pursuant to that section prior to its being incorporated into the county road system. Respondents assert an easement of three-rods width pursuant to section 189 (see, Desmond v Town of Summit, 82 Misc 2d 669), and, given the admitted location of the trees within one rod of the centerline of the road, claim entitlement to judgment as a matter of law. Alternatively, respondents assert an actual use of the area of petitioners’ property in issue by the deposit of snow by plows as they cleared the road during winter months.
With regard to the first issue, Highway Law § 189 provides: "All lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods.”
The court does not find the argument set forth in Desmond v Town of Summit (supra) to be persuasive. Examining first the language of the statute, it states that all lands used by the public as a highway shall be a highway. The court in construing this language is to give the words their ordinary meanings, and since the statute is in derogation of private property rights a strict construction is warranted. Thus, the statute should be read to create an easement limited to the lands used by the public. Further, the statute does not state that the *531 highway shall be three rods, but simply directs the town superintendent to open the highway to a width of at least three rods. While this interpretation may appear to put a burden on the town to acquire the necessary land to so open the road, the town could, in an appropriate case, obtain permission to have a road less than three rods in width (cf. Highway Law §§ 171, 180). Moreover, since a public highway can be created only by public use coupled with maintenance and adoption of the way by the town (see, Johnson v City of Niagara Falls, 230 NY 77; Nogard v Strand, 38 AD2d 871), it must be assumed that the town undertook charge of the road with knowledge of its statutory obligation to open the road to a width of three rods.
While the court perceives that the statute provides the town with adequate notice of its obligations regarding the highway, it disagrees with the conclusion in Desmond (supra) that the statute provides adequate notice to the landowner concerning the boundaries of the easement. In Desmond an analogy was drawn to the case of Schillawski v State of New York (9 NY2d 235, 239) in which the court said: "The statute was notice to all that the road was three rods in width on either side of the center line”. However, the statute in Schillawski specifically stated that the "road shall be six rods in width” and further provided that "in the middle of said road * * * the center * * * shall be raised fifteen inches”. Thus, the statute did, in effect, state that the road would be three rods wide on either side of the centerline. To hold that Highway Law § 189 provides equivalent notice would be to hold that the highway must be opened to three rods by a perfectly symmetrical opening with respect to the centerline of the road, the location of which has been determined solely by the happenstance of public use. The statute certainly does not explicitly require that, and the court believes it imprudent to imply such. Physical features, safety, or similar considerations may dictate other than a symmetrical opening of the road to three rods.
Implying a three-rod easement from the statute may also result in the taking of an individual’s property for the public easement although no actual use ever occurred on that person’s property. In such a case the person would suffer the deprivation of property rights without having had an opportunity to prevent such loss. Since he or she would have had no means to prohibit the public use on adjoining property, and since there was no use of the owner’s property, there would exist no basis to find that the owner acquiesced in the public *532 use which is alleged to have created the easement. Yet, acquiescence on the part of the owner is an essential element if the statute is to apply, for it makes conclusive the Active presumption of a prior grant (see, Heyert v Orange & Rockland Utils., 17 NY2d 352, 357; James v Sammis, 132 NY 239, 247).
Finally, it is to be noted that Highway Law § 189 obligates the town to open the highway to at least three rods, clearly implying that the town may open the road to a width in excess of three rods. In such case the statute would in no way apprise the owner as to the extent of the easement purportedly created.
Given the above, the court believes the following oft-recited rule is the correct one. "Where a road has obtained its character as a public highway by user, its width is determined by the width of the improvement * * * But where the road has been laid out under a statute, it is the statute and not the user that determines the width”. (Schillawski v State of New York, supra, at p 238; see, People v Sutherland, 252 NY 86, 90; Walker v Caywood, 31 NY 51, 63; Kenyon v State of New York, 28 AD2d 1182; Bovee v State of New York, 28 AD2d 1165; Van Allen v Town of Kinderhook, 47 Misc 2d 955, 958-959; Jones v Cederquist, 1 Misc 2d 1020, 1024-1025.) In Jones (supra, at p 1026) the court concluded as follows: "It is clear that the legislative intent in enacting section 189 of the Highway Law was not to authorize the town superintendent to appropriate lands not actually in use as roads without the consent of the owner thereof or by due process of law compensating the owners therefor. To do otherwise would be taking real property without due process of law in violation of the Federal and State Constitutions.” In sum, the court Ands that to be the proper interpretation of Highway Law § 189.
It is the court’s opinion, therefore, that the petition states a cause of action and resolution of the case rests upon the extent of the actual use made of Turkey Hill Road for the prescriptive period. Respondents assert that the actual use of Turkey Hill Road in front of petitioners’ house included, up until the mid-1970’s, the area where the spruce trees now stand. This area was allegedly used for snow removal. Petitioners allege in their veriAed petition that the road has never been wider than 22 feet, which area does not include the spruce trees. On the papers before the court, it is clear there exists a question of fact as to the width of the actual use of Turkey Hill Road. At the trial thus necessitated, the burden will be upon the county to establish the extent of the actual *533 use by a preponderance of the evidence (Katz v Town of Brookhaven, 213 NYS2d 98, 99, affd 15 AD2d 534).
Accordingly, the respondents’ motion to dismiss is denied and the matter shall be tried at the next term of Supreme Court for which either party shall file a note of issue (CPLR 3403 [b]).
The next consideration is the petitioners’ application for a preliminary injunction. It is clear that respondents threaten and are about to do an act tending to render a judgment in petitioners’ favor ineffectual and that without preliminary relief the petitioners would be irreparably harmed. Accordingly, the petitioners’ motion for a preliminary injunction is granted to the extent that respondents are prohibited from widening the roadway or shoulder of Turkey Hill Road beyond its present width on petitioners’ property upon the condition that they file an undertaking in the amount of $1,500 within 15 days of the date of the order entered herein. In the event petitioners fail to file such an undertaking the motion for a preliminary injunction is denied.