OPINION OF THE COURT
Dan Lamont, J.
The indictment accuses the defendant of the crimes of *1098 criminal mischief in the second degree, criminal mischief in the fourth degree (two counts), grand larceny in the second degree (two counts) and attempted grand larceny in the second degree (two counts). The charges are that defendant directed his agents or employees to widen and reconstruct a town road known as Armlin Hill Road and did thereby intentionally damage property of another person by destroying trees, stone walls, and wire fences, having no right to do so nor any reasonable ground to believe that he had such right, and did thereby steal and appropriate said road and property for his own benefit.
The defendant has made an omnibus motion filed on December 2, 1987 and supplemented by affidavit filed on December 8, 1987, seeking various items of pretrial relief. The People have filed a written answer on February 3, 1988. The defendant’s applications as contained in his omnibus motion are hereby determined as follows:
INSPECTION
Defendant’s motion that the court inspect the Grand Jury minutes is granted to the extent that the court has examined the transcript of the proceedings before the Grand Jury on June 12, 1987 and July 31, 1987 (CPL 210.30 [3]).
The court determines that release of the Grand Jury minutes to the parties is not necessary to assist the court in making its determination upon the motion to dismiss the indictment upon the ground of insufficiency of Grand Jury evidence.
DISMISSAL OF THE INDICTMENT
As to the fifth count of the indictment, the defendant’s motion should be and the same is hereby granted. An examination of the Grand Jury minutes and the "Indictment sheet” utilized by the Grand Jury in recording its votes reveals that the Grand Jury voted not to indict the defendant upon the charge of grand larceny in the second degree for knowingly and intentionally stealing property from the Town of Broome.
Interestingly, the Grand Jury did vote to accuse and indict the defendant upon two counts of criminal trespass in the third degree (Penal Law § 140.10 [a] [class B misdemeanor]); however, such charges are not contained in the indictment.
As to the fourth, sixth and seventh counts of the indict *1099 ment, this court holds and determines that the defendant’s motion to dismiss by reason of lack of legally sufficient evidence presented to the Grand Jury should be granted.
Penal Law § 155.35 (pre-Nov. 1986) provides as follows: "A person is guilty of grand larceny in the second degree when he steals property and when the value of the property exceeds one thousand five hundred dollars.”
Penal Law § 155.05 (1) provides as follows: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.”
As to the fourth and sixth counts of the indictment accusing defendant of stealing property or attempting to steal property from the Armlins, this court holds and determines that the evidence presented to the Grand Jury was not legally sufficient for the Grand Jury to have reasonable cause to believe that the defendant possessed the specific intent to deprive another of property or to appropriate the same to himself or that he wrongfully took property from an owner thereof. The evidence presented to the Grand Jury indicates that defendant damaged and destroyed property consisting of stone walls, wire fences, and trees and thereby rendered such property worthless to himself or anyone else. Piles of debris (wire, fence posts, stones, trees, stumps and roots) were left on Armlin’s land adjacent to the roadway.
The gravamen of the criminal conduct with which the defendant is accused is clearly and unequivocally within the realm of criminal mischief — not larceny. The felony grade and degree of damaging property of another person in an amount exceeding $1,500 (Penal Law § 145.10 [criminal mischief in the second degree, a class D felony]) is precisely the same as stealing property when the value thereof exceeds $1,500 (Penal Law § 155.35 [grand larceny in the second degree, a class D felony; pre-Nov. 1986]).
Likewise, as to the seventh count of the indictment, the defendant’s motion to dismiss by reason of lack of legally sufficient evidence presented to the Grand Jury should be granted. For the reasons previously cited and discussed, this court holds and determines that the evidence presented to the Grand Jury was not legally sufficient for the Grand Jury to have reasonable cause to believe that the defendant attempted to steal property from the Town of Broome consisting of real *1100 estate known as the town road called Armlin Hill Road, or that the value of the property exceeded $1,500. While defendant may have intended to appropriate the road to his own use, the evidence does not establish that he took, obtained or withheld the road from the Town of Broome within the meaning and intent of the larceny statutes (supra).
To the extent that defendant’s actions in widening Armlin Hill Road without authorization may cause future expense or damage to the taxpayers of the Town of Broome, the town may have adequate civil recourse. Simply stated, this court does not find the evidence legally sufficient for the Grand Jury to have reasonable cause to believe that defendant committed the crime of attempted grand larceny against the Town of Broome when he allegedly widened a town highway without any authority.
As to the first, second, and third counts of the indictment, this court holds and determines that the evidence presented to the Grand Jury was legally sufficient for the Grand Jury to have reasonable cause to believe that the defendant committed the crimes of criminal mischief with which he is charged in those counts of the indictment.
Penal Law § 145.10 provides as follows: "A person is guilty of criminal mischief in the second degree when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person in an amount exceeding one thousand five hundred dollars.”
Section 189 of the Highway Law provides as follows: "All lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods.” (Emphasis supplied.)
In his motion papers, defendant takes the position that he had a right, or at least reasonable grounds to believe that he had a right, to open and widen Armlin Hill Road to the width of at least three rods.
Since the defendant is clearly not the Superintendent of Highways for the Town of Broome, such argument is categorically and unequivocally rejected by this court.
*1101 Furthermore, the gravamen of the criminal charges against defendant is that he damaged and destroyed property owned by the Armlins by damaging and destroying wire fences, gates, stone walls, and trees and also by piling debris upon their property.
Although one reported case (Desmond v Town of Summit, 82 Misc 2d 669 [Schoharie County Ct 1975]) holds otherwise, the weight of authority cited in the treatise entitled "Highway Law and the Land Surveyor” by Kenneth L. Ayers attached to defendant’s motion papers supports the proposition that the width of a highway established by user is manifested by the way in which it is used as that use actually exists or existed for the statutory period (Talmage v Huntting, 29 NY 447 [1864]; Alpaugh v Bennett, 59 Hun 45 [5th Dept 1891]; Matter of Usher v Mobbs, 129 Misc 2d 529 [Sup Ct, Tompkins County 1985]; Van Allen v Town of Kinderhook, 47 Misc 2d 955 [Sup Ct, Columbia County 1965]; Nikiel v City of Buffalo, 7 Misc 2d 667 [Sup Ct, Erie County 1957]).
The legislative intent in enacting Highway Law § 189 providing that lands used by the public as a highway for 10 years or more shall be a highway and that the Town Superintendent shall open all such highways to a width of at least three rods was not to authorize Town Superintendents to appropriate lands not actually in use as roads without consent of the owner thereof or by due process of law compensating the owner therefor, since this would be taking property without due process of law in violation of Federal and State Constitutions (see, Usher v Mobbs, supra). Therefore, not even the Superintendent of Highways of the Town of Broome could have destroyed the Armlins’ wire fence, stone wall, and trees without either consent or the payment of just compensation— much less deposit piles of debris upon their property.
That defendant who is not the Town Superintendent and therefore derives no authority whatsoever from Highway Law § 189 or Desmond (supra) could have any reasonable ground to believe that he had such right is so farfetched as to be ludicrous.
For all of the foregoing reasons, this court holds and determines that defendant’s motion to dismiss the first, second and third counts of the indictment should be and is hereby denied.
*1102 1