■ HERBERT J. ENGMAN et al., Respondents, v TOMPKINS COUNTY et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Rose, J.), entered December 13, 1988 in Tompkins County, which denied defendants' motion for summary judgment.

A determination is required as to the ownership of certain real property located in Tompkins County. In dispute is that portion of land which runs parallel to the center line of County Road 125 and easterly from the east edge of said improved highway 20 feet to the west boundary of land described in a deed from Lois L. Atkinson to Herbert J. Engman and Ronda C. Engman dated May 27, 1977. Plaintiffs commenced this action to require the restoration to its former condition of a portion of this land on which defendant Tompkins County had created a drainage ditch and had widened the shoulders. Defendants counterclaimed for relief requiring plaintiffs to remove a stone fence constructed by plaintiffs within the bounds of County Road 125, the width of which defendants claim to be three rods. Defendants moved for summary judgment. At oral argument before Supreme Court, it appeared that the parties and the court concluded that the only issue to be determined was whether Highway Law § 189 created a highway three rods wide. Cited to the court were two cases, one ruling that a highway recognized by section 189 as a highway was three rods in width *(Desmond v Town of Summit,* 82 Misc 2d 669). The other case, relied upon by Supreme Court *(Matter of Usher v Mobbs,* 129 Misc 2d 529), held that only that portion of the three rods which had been used as a highway for 10 years could be considered. The court denied the motion for summary judgment, concluding that a question of fact existed.

We agree that neither party has submitted sufficient proof to entitle it to summary judgment. However, we do not come to that determination for the same reason as did Supreme

Court. Our decision does not depend upon Supreme Court's interpretation of Highway Law § 189. Clearly, that statute has no application to this case in its present posture. Section 189 on its face applies only to town highways. The pleadings herein indicate that the highway in question is a county highway and there is no comparable statute applicable to county highways. We reject defendants' contention that plaintiffs have waived any right to object to the apparent nonapplicability of the statute because plaintiffs did not object to defendants' invocation of the statute in their opposing motion papers. We decline under the facts of this case to hold plaintiffs bound by the provisions of a statute that might not be applicable (cf., Sega v State of New York, 89 AD2d 412, 414, n 1, affd 60 NY2d 183).

We also note that plaintiffs have sued only the county and its Public Works Commissioner. They did not name as a defendant nor identify the person from whom they claim to have acquired title by adverse possession. It is only disclosed in their brief that they now claim to have obtained title from someone other than defendants. This matter must be clarified before a trial can be held on plaintiff's action.

In a supplemental brief, defendants contend that the highway in question was originally a town highway and therefore Highway Law § 189 does apply. However, the answer and counterclaim do not allege facts supporting that contention. There must be a trial. However, to leave the case in its present posture would be against the interest of justice. Therefore, the order denying summary judgment should be modified to the extent that both plaintiffs and defendants be allowed to amend their pleadings (see, CPLR 3025 [b]) so as to clarify the issues and plead all facts necessary to support the contentions of the parties.

Order modified, on the law and the facts, without costs, by permitting further pleadings and discovery under such conditions as Supreme Court may, in its discretion, impose, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.