Jeffrey Kaplan, Esq. Informal Opinion Town Attorney No. 95-31 Town of Warwarsing P. O. Box 30 Woodbourne, N Y 12788
Dear Mr. Kaplan:
You inquire as to the width of a town's right-of-way with respect to a town highway established by use. We conclude that the width of the right-of-way is determined by the extent of the actual use.
Highway Law § 189 (hereafter, "HL") provides for the establishment of town highways by use, as follows:
 All lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods.
Generally, whether a town highway by use has been established involves a factual determination that the public has traveled upon the highway without interruption for at least ten years and that the town has maintained the highway without interruption for a corresponding period.People v Sutherland, 252 N.Y. 86 (1929); Nogard v Strand, 38 A.D.2d 871 (3d Dept 1972). The interest of the town in a town highway by use is an easement for use as a public highway rather than fee title. Ashland Oil Refining v State, 26 N.Y.2d 390 (1970).
The language of HL § 189 would appear to establish the width of a town highway-by-use at three rods and to require a town superintendent to widen and maintain the highway at that width. The Court of Appeals has held otherwise. In People v Sutherland, supra, the Court of Appeals sought to determine the width of a town highway by use and examined for that purpose the provisions of a statutory predecessor of present HL § 189, Highway Law § 209 as enacted by L 1909, ch 30. Said section read as follows:
 § 209. Highways by use. All lands which shall have been used by the public as a highway for the period of twenty years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least two rods.
The Court held that
 the town superintendent could not . . . in the language of Highway Law, section 209, open such highway "to the width of at least two rods," for there was no evidence of use by the public for twenty years of a road two rods in width. . . . If a road or way be established by prescription or user, the public use defines the extent of the easement.
People v Sutherland, supra, at p 90.
While case law interpreting HL § 189 has not been entirely consistent, the prevailing view concurs with People v Sutherland, supra, that the width of a town highway by use is determined by the extent of the actual use during the statutory period set forth in HL § 189. The extent of actual use may be less than three rods. LaSalle Company v Townof Hillsdale, 199 A.D.2d 685 (3d Dept 1993); Danial v Town of Delhi,185 A.D.2d 500 (3d Dept 1992), motion lv appeal denied, 81 N.Y.2d 706
(1993); Hill v Town of Horicon, 176 A.D.2d 1169 (3d Dept 1991), motion lvappeal denied, 80 N.Y.2d 752 (1992); Schillawski v State of New York,9 N.Y.2d 235, 238 (1961); Walker v Caywood, 31 N.Y. 51, 63 (1865); Peoplev Misevis, 138 Misc.2d 1097 (Co Ct Schoharie Co 1988); Mtr. of Usher vMobbs, 129 Misc.2d 529 (Sup Ct Tompkins Co 1985).[1] The extent of actual use, factually determined, may include, in addition to the traveled portion of the highway, adjacent shoulders and ditches and other areas. LaSalle, supra, at p 686; Van Allen v Town of Kinderhook,47 Misc.2d 955, 959 (Sup Ct Columbia Co 1965); Nikiel v City of Buffalo,7 Misc.2d 667 (Sup Ct Erie Co 1957); Jones v Cederquist, 1 Misc.2d 1020,1024, 1026 (Sup Ct Chautauqua Co 1956); Op Atty Gen (Inf) No. 92-60; Op Atty Gen (Inf) No. 82-59. Where a town seeks to improve a highway by use beyond the extent of actual use, for example, by widening the roadway, constructing ditches, or removing trees, the town should obtain the permission of the fee holder or pay just compensation. Usher, supra, at p 532; Jones, supra, at p 1026; Op St Comp 61-821; 1971 Op Atty Gen (Inf) 102.
In sum, we conclude that the width of a town highway by use, established in accordance with Highway Law § 189, is determined by the extent of actual use.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
MICHAEL D. MORGAN
Assistant Attorney General
[1] But compare, Desmond v Town of Summit, 82 Misc.2d 669 (Co Ct Schoharie Co 1975). Desmond was cited with approval in Flacke v Town of Fine, 113 Misc.2d 56, 60 (Sup Ct St. Lawrence Co 1982), and in 1978 Op Atty Gen (Inf) 244 and 1981 Op Atty Gen (Inf) 209. In subsequent cases and opinions, Desmond has not been followed. See, LaSalle Company, supra; Danial, supra; Hill, supra; Misevis, supra, at p 1101; Usher, supra, pp 530, 531; 1982 Op Atty Gen (Inf) 173; Op Atty Gen (Inf) No. 92-60.