■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COCO N. SPENCER, Appellant. [852 NYS2d 859]—

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of robbery in the second degree (Penal Law § 160.10 [1]) and criminal possession of a controlled

substance in the seventh degree (§ 220.03). Because defendant failed to renew her motion for a trial order of dismissal after she presented evidence, her contention concerning the alleged legal insufficiency of the evidence supporting the conviction of robbery in the second degree is not preserved for our review (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Nevertheless, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the evidence is legally insufficient to support the conviction of robbery (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We therefore modify the judgment accordingly. A person is guilty of robbery "when, in the course of committing a larceny, he [or she] uses or threatens the immediate use of physical force upon another person" (Penal Law § 160.00). Thus, it is not possible for a person to commit a robbery without also committing a larceny (*see People v Williams*, 41 AD3d 1252, 1253 [2007]). A person is guilty of larceny when, "with intent to deprive another of property or to appropriate the same to himself [or herself] or to a third person, he [or she] wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). By removing a pager from the victim's pocket and breaking it, defendant engaged in conduct that "is clearly and unequivocally within the realm of criminal mischief—*not* larceny" (*People v Misevis*, 138 Misc 2d 1097, 1099 [1988]). Furthermore, it is undisputed that defendant searched the victim and removed the pager with the sole intention of determining whether the victim possessed an audio transmitting device and was a "snitch." It thus cannot be said that the threatened use of force by which she compelled the victim to submit to the search was "for the purpose of" preventing or overcoming the victim's resistance to a larceny or compelling the victim to engage in conduct that aided in the commission of a larceny (§ 160.00), the requisite "enumerated consequences" under the statute defining the term robbery (*People v Smith*, 79 NY2d 309, 312 [1992]).

We have reviewed the remaining contentions of defendant, including those raised in her pro se supplemental brief and, to the extent that they are not rendered academic as a result of our decision herein, we conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.